IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Kevin L. Dickens,
    Plaintiff,

v.

Stan Taylor, Paul Howard, Richard Seifert, Anthony Rendina, John Ryan, Mike Little, Joe Hudson, Ms. Havel, Cpl. Oney, Tom Carroll, Betty Burris, Dep. Warden McGuigan, Major Cunningham, Capt. Sagers, Capt. Belanger, Staff Lt. Williams, Staff Lt. Burton, Lt. Savage, Lise Merson, Sgt. Evans, Sgt. Moran, C/o Harris, Sgt. Tyson, C/o Neal, QRT 1 et al., Lt. Stanton, C/o Gardels, Lt. Harvey, Lt. Secord, Lt. Welcome, C/o Rainey, QRT 2 et al., Jayme Jackson, Lt. Porter, Cpl. Kromka, Counselor Kromka, Kramer, Zunda, Brian Engram, Ron Drake, Major Holman, First Correctional Medical, Dr. Arronburl, Brenda Holwerda, Courtney Doe, Cindy Doe, Medical Director, Delaware Center for Justice, Shakeerah Haikal, Camille Pringle, Littleton Mitchell, and Frank Scarpetti,
    Defendants

Civil Action No. 04-201-JJF



FILED
SEP 16 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION FOR TEMPORARY RESTRAINING ORDER WITH OR WITHOUT NOTICE AND FOR PRELIMINARY INJUNCTION

Plaintiff, Kevin L. Dickens, moves this Honorable Court upon the verified complaint and the attached documents, as follows:

1. To issue a temporary restraining order, and
2. To issue a preliminary injunction, both restraining Defendants Paul Howard, Anthony Rendina, Warden Tom Carroll, and Lt. Larry Savage from enhancing Plaintiff's sentence by implementing sanction of 30 days loss of good time and preventing Plaintiff from completing his Level 5 sentence on September 22, 2005. In support thereof, Plaintiff submits the following:

(a) On August 22, 2004, this Court reinstated Plaintiff's complaint after earlier dismissal due to miscalculated filing date. Plaintiff had earlier filed complaint on April 1, 2004.

(b) Since filing complaint, Plaintiff has suffered repeated retaliation against him by numerous Department of Corrections prison staff including three separate assaults, numerous disciplinary sanctions and recent loss of good time.

(c) Plaintiff seeks expedited hearing and temporary restraining order because he will suffer irreparable injury and damage unless the Court so acts. On June 22, 2005, Defendant Capt. Belanger conspired with Officer Walrabenstein to fabricate disciplinary report against Plaintiff by falsely accusing Plaintiff of throwing urine on his hand while housed in isolation. Defendant Capt. Belanger, who was recently demoted to rank of Sergeant, after pleading guilty to felony theft, fabricated and falsified disciplinary report in retaliation for Plaintiff urinating in plastic cup instead of handing it to him.

(3)

He and Defendant Lt. Savage then conspired to penalize Plaintiff by implementing loss of good time sanction of 30 days in order to prevent his pending release from prison on September 22, 2005. Even though Plaintiff submitted appeal to Bureau Chief Paul Howard, he blindly followed Hearing Officer Lt. Savage's biased decision, none of which was supported by any physical evidence, i.e. urine on officer or cup that urine was placed in. Later, Plaintiff spoke to Internal Affairs Officer about said incident, and Internal Affairs dismissed the complaint and decided not to press charges due to lack of credible, physical evidence.

When Plaintiff later asked Defendant Belanger why he had to lie when he submitted the disciplinary report, he stated that "[I] shouldn't have started it by pissing in the cup. If you do me wrong, I'm going to get you back." Plaintiff then told him that there still was no reason to lie. To which Defendant Belanger stated, "Hey, shit happens."

## MEMORANDUM OF LAW

The standards of disciplinary procedure at the Delaware Correctional Center fails to follow due process standards that the U.S. Supreme Court outlined in Wolff v. McDonnell, 418 U.S. at 565. Even though the Court stated that due process was not actually triggered, it did require the hearing officer to provide "some evidence" before finding a prisoner guilty of a major infraction. Furthermore, this Court found liability to Delaware Correctional Center officials in Fridge v. Dixon (Cite Omitted) for pre-hearing detention and violating state liberty interest when punishing inmates before a hearing. Also, in Benitez v. Wolff, 985 F.2d 662, 665 (2d. Cir. 1993), that Court ordered that the prisoner must retain possession of the

(4)

notice pending the hearing.

In this case, Plaintiff was sent to serve 15 days isolation time before the hearing without the disciplinary report notice of hearing. Delaware Correctional policy refuses to allow inmates to keep copy of disciplinary report in cell to review before hearing. It is also typical of Department of Corrections to repeatedly punish inmates before hearing in order to render an appeal moot because inmates serve full sanction before hearing.

Finally, the Supreme Court stated that there must be "some evidence" in order to justify the decision. Here, the biased Hearing Officer Lt. Savage and Bureau Chief Paul Howard relied on the word of the recently convicted and demoted Defendant Capt. Belanger that was fabricated against me. The loss of good time was then done in retaliation because Plaintiff has been a frequent litigator and Defendants became aware of his pending release date of September 22, 2005.

Wherefore, plaintiff prays

1. That the Court conduct an expedited hearing or hearings relevant to the issues presented in this Complaint as soon as practicable.

2. That, upon such expedited hearings, the Court issue a temporary and permanent injunction as requested in this Complaint.

3. For such other relief as justice and equity may require.

(Ex. A and B of Sentencing Order and Hearing Appeal are enclosed)

September 12, 2005
Date

Kevin L. Dickens
Kevin L. Dickens, Pro Se
1181 Paddock Road
Smyrna, DE 19977



WILMINGTON DE 198
PM
15 SEP 2005

D.M.S.
X-RAY

LEGAL MAIL

I/M Kevin L. Dickens
SBI# 256265   UNIT SHU 17D4L2
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S. District Court - Clerk
844 N. King Street
Lockbox 18
Wilmington, DE 19801-3570