IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN L. DICKENS,                  :
                                   :
        Plaintiff,                 :
                                   :
    v.                             : Civil Action No. 04-201-JJF
                                   :
                                   :
COMMISSIONER STAN TAYLOR,          :
BUREAU CHIEF PAUL HOWARD,          :
RICHARD EUGENE SEIFERT,            :
ANTHONY RENDINA, IBCC, JOHN        :
RYAN, MIKE LITTLE, JOE HUDSON      :
MS. HAVEL, CPL. ONEY, WARDEN       :
TOM CARROLL, DEP. WARDEN           :
BETTY BURRIS, DEP. WARDEN          :
MCGUIGAN, MAJOR CUNNINGHAM,        :
CAPT. SAGERS, CAPT. BELANGER       :
STAFF LT. B. WILLIAMS, STAFF       :
LT. BURTON, LT. SAVAGE,            :
IGC LISE MERSON, SGT. EVANS        :
SGT. MORAN, C/O HARRIS,            :
SGT. TYSON, C/O NEAL, QRT1,        :
LT. STANTON, C/O GARDELS,          :
LT. HARVEY, LT. SECORD,            :
LT. WELCOME, C/O RAINEY,           :
QRT2, JAYME JACKSON,               :
LT. PORTER, CPL. KROMKA,           :
COUNSELOR KROMKA, KRAMER,          :
ZANDA, BRIAN ENGRAM, RON           :
DRAKE MAJOR HOLMAN, FIRST          :
CORRECTIONAL MEDICAL,              :
DR. ARRONBURL, NURSE BRENDA        :
HOLWERDA, NURSE COURTNEY DOE,      :
NURSE CINDY DOE, MEDICAL           :
DIRECTOR, DELAWARE CENTER FOR      :
JUSTICE, SHAKEERAH HAIKAL,         :
CAMILLE PRINGLE, LITTLETON         :
MITCHELL, and FRANK SCARPETTI,     :
                                   :
        Defendants.                :

**ORDER**

NOW THEREFORE, at Wilmington this _3_ day of November,

2006, IT IS HEREBY ORDERED that:

1.    The Clerk of the Court shall cause a copy of this Order to be mailed to Plaintiff.

2.    As instructed by Plaintiff, this case will proceed on the original Complaint found at D.I. 2.

3.    The Clerk of the Court is instructed to remove Defendant Ms. Hard from the list of Defendants in the Court Docket as she is not a named Defendant.

4.    The following claims in Count A are **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1): conditions of confinement claim brought against Defendants C/O Neal and C/O Jackson; false disciplinary report (due process) claim brought against Defendants Sgt. Moran and Sgt. Evans; access to court claim brought against Defendant Cpl. Kromka; failure to protect claim brought against Staff Lt. Burton; and grievance claim brought against Defendants Cunningham and Belinger.

5.    That portion of Count C alleging a general access to the courts (law library) claim in Count C is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

6.    The following claims in Count D are **DISMISSED** without prejudice as duplicative:  excessive force claim brought against

Defendants Lt. Stanton and Sgt. Evans; and failure to protect claim brought against Deputy Warden McGuigan.

7.    The due process claims in Count D brought against Bureau Chief Paul Howard and Commissioner Stan Taylor are **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8.    Counts E and F of the Complaint are **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9.    The following Defendants are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the claims brought against them are either frivolous or fail to state a claim upon which relief may be granted:  Delaware Center for Justice, Shakeerhah Haikal, Ms. Havel, Joe Hudson, IBCC, Kramer, Counselor Kromka, Mike Little, IGC Lise Merson, Littleton Mitchell, Lt. Porter, Camille Pringle, QRT1, QRT2, Anthony Rendina, John Ryan, Lt. Savage, Frank Scarpetti, Richard Eugene Seifert, Lt. Welcome, Staff Lt. B. Williams, and Zanda

10.    The Court has identified cognizable claims in the foregoing listed Counts against the following Defendants. Plaintiff is allowed to **PROCEED** against the Defendants on the claims and Counts as listed below:

-3-

**Count A**: Sgt. Teddy Tyson (conditions of confinement); Deputy Warden Betty Burris (conditions of confinement); Major Holman (conditions of confinement); C/O Neal (excessive force); C/O Jayme Jackson (excessive force); Sgt. Moran (excessive force, conditions of confinement); C/O Harris (retaliation); Sgt. Evans (excessive force, conditions of confinement); Lt. Secord (failure to protect); Capt. Sagers (failure to protect); Deputy Warden McGuigan (failure to protect); Lt. Stanton (excessive force); Nurse Courtney Doe (indifference to serious medical need); Nurse Cindy Doe (indifference to serious medical need); Lt. Harvey (failure to protect); C/O Rainey (failure to protect); and C/O Gardels (excessive force).

**Count B**:  Bureau Chief Paul Howard (conditions of confinement); Commissioner Stan Taylor (conditions of confinement); Deputy Warden McGuigan (indifference to serious medical need); Nurse Courtney Doe (indifference to serious medical need); Nurse Cindy Doe (indifference to serious medical need); First Correctional Medical (indifference to serious medical need); Nurse Brenda Holwerda (indifference to serious medical need; privacy claim); Warden Tom Carroll (indifference to serious medical need); Medical Director, and Dr. Arronburl (indifference to serious medical need).

**Count C**:  Brian Engram (access to courts); Cpl. Kromka (access to courts); Commissioner Stan Taylor (access to courts);

-4-

and Cpl. Oney (access to courts).

    **Count D**:  Sgt. Teddy Tyson (retaliation); Major Cunningham
(failure to protect); Capt. Sagers (excessive force); Staff Lt.
Burton (failure to protect); Sgt. Moran (retaliation); Capt.
Belanger (failure to protect); Ron Drake (failure to protect);
Lt. Harvey (excessive force); Warden Tom Carroll (failure to
protect).

    IT IS FURTHER ORDERED that:

    1.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),
Plaintiff has provided to the Court **original** "U.S. Marshal-285"
forms for **remaining Defendants Sgt. Teddy Tyson, Deputy Warden
Betty Burris, Major Holman, C/O Neal, C/O Jayme Jackson, Sgt.
Moran, C/O Harris, Sgt. Evans, Lt. Secord, Capt. Sagers, Deputy
Warden McGuigan, Lt. Stanton, Nurse Courtney Doe, Nurse Cindy
Doe, Lt. Harvey, C/O Rainey, C/O Gardels, Bureau Chief Paul
Howard, Commissioner Stan Taylor, First Correctional Medical,
Nurse Brenda Holwerda, Warden Tom Carroll, Medical Director, Dr.
Arronburl, Brian Engram, Cpl. Kromka, Cpl. Oney, Major
Cunningham, Staff Lt. Burton, Capt. Belanger, Ron Drake** as well
as for the Attorney General of the State of Delaware, 820 N.
FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to Del. Code
Ann. tit. 10, § 3103(c).  Plaintiff shall provide the Court with
copies of the Complaint (D.I. 2) for service upon the remaining
Defendants.

2.   Upon receipt of the Complaints required by paragraph 1
above, the United States Marshal shall forthwith serve a copy of
the Complaint, this Order, a "Notice of Lawsuit" form, the filing
fee order, and a "Return of Waiver" form upon the remaining
Defendants identified in the 285 forms.

3.  Within **thirty (30) days** from the date that the "Notice
of Lawsuit" and "Return of Waiver" forms are sent, if an executed
"Waiver of Service of Summons" form has not been received from a
Defendant, the United States Marshal shall personally serve said
Defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said
Defendant(s) shall be required to bear the cost related to such
service, unless good cause is shown for failure to sign and
return the waiver.

4.   Pursuant to Fed. R. Civ. P. 4(d)(3), a Defendant who,
before being served with process timely returns a waiver as
requested, is required to answer or otherwise respond to the
Complaint within **sixty (60) days** from the date upon which the
Complaint, this order, the "Notice of Lawsuit" form, and the
"Return of Waiver" form are sent.  If a Defendant responds by way
of a motion, said motion shall be accompanied by a brief or a
memorandum of points and authorities and any supporting
affidavits.

5.  No communication, including pleadings, briefs, statement
of position, etc., will be considered by the Court in this civil

action unless the documents reflect proof of service upon the parties or their counsel.

6.  **NOTE:** **\*\*\*** When an amended complaint is filed prior to service, the Court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

7.  **NOTE:** **\*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

UNITED STATES DISTRICT JUDGE

-7-