Reply To: Kevin L. Dickens, #256265
Delaware Correctional Center
Smyrna, Delaware 19977          December 3, 2006



In Re: Office Integrity
Civ. Act. No. 04-201 Dickens v. Taylor, et al.

BD scanned

Dear Court:

    Please find enclosed Plaintiff's <u>Motion for Relief from Order/Reconsideration with Memorandum of Law</u>, in response to Court's Order and Memorandum Opinion dated November 3, 2006. Even though it is mentioned in motion for relief, I wish to emphasize that because of my limited funds, I would ask that the Court reduce the number of copies of Complaint to a reasonable number to ensure that all parties are served. I have suggested three because there should be no more than three attorneys representing all defendants.

    I also wish to make a formal complaint against the Clerk's Office, which may have jeopardized the integrity of this suit. Even though I questioned the earlier policy of the Clerk's Office that required the prison law library to provide US-285 Marshall Forms to me, nevertheless, I complied in order that forms would be submitted in a timely manner. I thought that the policy of sending the Court Order to prison law library not only gave prison authorities a "head start" by alerting them to a pending lawsuit, it also put prisoners like myself in danger because of high probability of retaliatory response. In fact, since the Court's Order dated November 3, I have been sent to isolation twice, but I have been allowed to pursue my legal claims. I have had my life threatened by QRT in the past week also.

    In the past week, I also learned that Brian Engram, the SHU

(2)

prison law librarian, and a defendant in this lawsuit, had been in direct communication with the Clerk's Office and had received the Court's November 3 Memorandum Opinion and Order, personally, even though the parties have never been properly served the "Notice of Lawsuit" or the Complaint yet. I know of no circumstances that would allow a defendant to access a pending lawsuit before he is properly served. This extrajudicial communication may have already compromised the integrity of this civil case.

    I would also like to learn how one particular defendand, Richard Eugene Seifert, was listed with his middle name. Is there someone in the Clerk's Office who knows Defendant Richard Seifert, or any other prison official, personally? I certainly did not submit his middle name on the Marshall forms, so I am perplexed how this information was known.

    With the hostile political environment and judicial reluctance to grant relief for prisoners' constitutional rights (as evidenced by Court's Memorandum Opinion), it is a "double-edged" sword to have to overcome "inside informants" in an Office that requires neutrality. I trust that the Court, in conjunction with Court Clerk, will investigate this matter thoroughly and recommend appropriate corrective action.

                      Sincerely,
                        Kevin L. Dickens