IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
KEVIN L. DICKENS,              :
                               :
      Plaintiff,               :
                               :
      v.                       :  Civil Action No. 04-201-JJF
                               :
COMMISSIONER STAN TAYLOR,      :
et al.,                        :
                               :
      Defendants.              :
```

## MEMORANDUM ORDER

I. **BACKGROUND**

Plaintiff, who appears pro se, filed suit this civil rights case against fifty-three Defendants. (D.I. 1.) Plaintiff filed several Amended Complaints. On November 3, 2006, the Court conducted an initial screening of the case. As a result, several claims and Defendants were dismissed from the case. (D.I. 31, 32.) Thereafter, Plaintiff filed a Motion For Relief From Order/ Reconsideration pursuant to Fed. R. Civ. P. 60, along with a Memorandum of Law. (D.I. 34, 35.)

II. **STANDARD OF REVIEW**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party may file a motion for relief from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Plaintiff takes exception to the Court's rulings in its Memorandum Opinion. Therefore, the Court construes the motion as one under Rule 59(e), as opposed to one under Rule 60. See Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988). A Rule 59(e) motion is the proper device a litigant should use to "to relitigate the original issue." Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R., 824 F.2d 249, 253 (3d Cir.1987). Under Fed. R. Civ. P. 59(e), a party seeking to alter or amend a judgment must establish one of the following grounds for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe, by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins., Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on

a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E. D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

### III. DISCUSSION

Plaintiff asks that the Court reduce the number of service copies required of him based upon his in forma pauperis status. The Court will deny that portion of the motion. Plaintiff chose to name a large number of Defendants, and he is required to follow the Federal Rules of Civil Procedure and provide adequate service copies if he wishes to pursue his claims against Defendants.

Plaintiff also asks the Court to reinstate the previously dismissed defendants with the exception of Defendants Lt. Porter, Joe Hudson, Ms. Havel and Counselor Kromka. Plaintiff's

Memorandum of Law contains a litany of arguments for the Court to consider in support of reinstatement of the dismissed Defendants. Plaintiff argues throughout the Motion that the Court "misinterpreted" certain sections of the Amended Complaint and misapplied the law. It is clear when reading the pending Motion that Plaintiff simply disagrees with the Court's screening Order. The Court carefully read Plaintiff's Amended Complaint and in its twenty-eight page Memorandum Opinion explained in great detail the reasons for dismissing certain Defendants and claims.

There is no need to correct a clear error of law or fact or to prevent manifest injustice. Moreover, Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, his motion will be denied.

THEREFORE, at Wilmington this 10 day of April, 2007, IT IS ORDERED that the Motion for Reconsideration (D.I. 34) is **DENIED**.

*/s/ Joseph J. Farnan, Jr.*
UNITED STATES DISTRICT JUDGE