IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. DICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 04-201-JJF |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | JURY TRIAL REQUESTED |
| et al., ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' ANSWER TO THE COMPLAINT**

COME NOW State Defendants Stan Taylor, Paul Howard, Beatrice Oney, Tom Carroll, Betty Burris, Charles Cunningham, Clyde Sagers, Joseph Belanger, Bruce Burton, Jack Evans, Teddy Tyson, James Stanton, James Gardels, Paul Harvey, Thomas Seacord, Roger Raney, Jayme Jackson, Brian Engram, Ron Drake, David Holman and Frank Kromka ("State Defendants"), by and through the undersigned counsel, and hereby answer the Complaint [D.I. 1]:

Statement of Claim

Admitted that on or about February 15, 2002, Plaintiff was charged with Failure to Obey an Order and Disorderly and Threatening Behavior. The remaining allegations set forth in this paragraph are denied.

Page I

First paragraph: State Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

Second paragraph: Admitted that on or about February 22, 2002, Plaintiff was charged with Failure to Obey an Order, Disorderly and Threatening Behavior and

Inciting a Riot. Admitted that Plaintiff pushed Defendant Tyson. The remaining allegations set forth in this paragraph are denied.

    Third paragraph: Denied.

    Fourth Paragraph: Denied.

Page II

    First paragraph: Denied.

    Second paragraph: Plaintiff's claim against Defendant Kromka has been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Page III

    First paragraph: The claims set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

    Second paragraph: The claims set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

    Third paragraph: Denied.

Page IV

    First paragraph: Denied.

    Second paragraph: The allegations concerning Defendant Moran falsifying a disciplinary report and Plaintiff being sent to isolation for 15 days have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is

required. To the extent that a response is required, the allegations are denied. Admitted that on November 27, 2002, Plaintiff assaulted Defendant Moran by striking him in the head with a bar of soap. The remaining allegations set forth in this paragraph are denied.

Third paragraph: The allegations concerning Defendant Moran falsifying a disciplinary have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Page V

First paragraph: Denied.

Second paragraph: Denied.

Third paragraph: Denied.

Page VI

First paragraph: Denied.

Second paragraph: State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

Page VII

First paragraph: The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

Second paragraph: State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw his food tray because no date is specified. The remaining allegations set forth in this paragraph are denied.

Page VIII

First paragraph: State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw urine because no date is specified. The remaining allegations set forth in this paragraph are denied.

Second paragraph: The allegations set forth in the second sentence are denied. State Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

Third paragraph: Admitted that on July 27, 2003, Plaintiff assaulted Defendant Evans. Admitted that Plaintiff was removed from his cell. The remaining allegations set forth in this paragraph are denied.

Page IX

First paragraph: Denied.

Second paragraph: Denied.

Page X

First paragraph: This paragraph is not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations set forth in this paragraph are denied.

Second paragraph: This paragraph is not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations set forth in this paragraph are denied.

Third paragraph: Denied.

Page XI

First paragraph:  State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw his tray because no date is specified.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw urine because no date is specified.  The remaining allegations set forth in this paragraph are denied.

Page XII

First paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the allegations set forth in the first two sentences of this paragraph.  The remaining allegations set forth in this paragraph are denied.

Third paragraph:  The allegations concerning the disciplinary report have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied. Admitted that on October 14, 2003, Plaintiff threw coffee at correctional staff.  The remaining allegations set forth in this paragraph are denied.

Page XIII

First paragraph: Admitted that on October 14, 2003, Plaintiff jammed his cell door so that it would not open.  Admitted that the cell door was removed.  Admitted that

Plaintiff was removed from his cell. The remaining allegations set forth in this paragraph are denied.

Second paragraph: Admitted that, absent additional security concerns, inmates housed in the Secure Housing Unit ("SHU") at Delaware Correctional Center are allowed time to exercise outside of their cells three times per week. The remaining allegations set forth in this paragraph are denied.

Page XIV

First paragraph: Denied.

Second paragraph: Denied.

Third paragraph: The first two sentences of this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Page XV

First paragraph: The allegations pertaining to "Nurse Brenda" are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Second paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Page XVI

First paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Second paragraph: Denied that Plaintiff was brutally assaulted. The remaining allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Third paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Page XVII

First paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Second paragraph: Denied.

Third paragraph: The allegations pertaining to "Nurse Brenda" and "Nurse Cindy Doe" are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Page XVIII

First paragraph: The allegations concerning the Delaware Center for Justice have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore

no response is required. To the extent that a response is required, the allegations are denied. State Defendants are without sufficient information to admit or deny the allegation that Plaintiff smuggled a letter to his mother. The remaining allegations set forth in this paragraph are denied.

 Second paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

 Third paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Page XIX

 First paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

 Second paragraph: Denied that Plaintiff was placed in a cell where his only bedding was "egg shell" foam. Denied that Plaintiff was assaulted by SHU officers. Denied that Plaintiff has sustained any injury as the result of any conduct by State Defendants. The remaining allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Page XX

 First paragraph: Denied.

Second paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Third paragraph: The allegations pertaining to SHU Medical Staff and Dr. Brown are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Page XXI

First paragraph: The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required. To the extent that a response is required, the allegations are denied.

Second paragraph: State Defendants are without sufficient information to admit or deny the last sentence of this paragraph. The remaining allegations set forth in this paragraph are denied.

Page XXII

First paragraph: The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

Page XXIII

First paragraph: The allegations set forth in the last sentence of this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Second paragraph:  Denied.

Third paragraph:  The allegations set forth in the last sentence of this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Fourth paragraph:  Admitted that, by itself, a grievance is not "legal" material and an inmate must pay for that copy.  Legal materials are copied at no cost to the inmate.

Page XXIV

First paragraph:  Denied.

Second paragraph:  Denied.

Page XXV

First paragraph:  Denied.

Second paragraph:  Denied.

Page XXVI

First paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  Denied that Defendant Tyson falsely accused Plaintiff of inciting a riot in retaliation for complaint that Plaintiff previously filed against him.  The remaining allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  Denied.

Page XXVII

       First paragraph:  Denied.

       Second paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

       Third paragraph:  Denied that Defendant Stanton ordered the QRT team to assault Plaintiff.  Further denied that Plaintiff was assaulted.  The remaining allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XXVIII

       First paragraph:  Denied.

       Second paragraph:  Defendants are without sufficient information to admit or deny the allegation that Plaintiff threw urine because no date is specified.  The remaining allegations set forth in this paragraph are denied.

       Third paragraph:  Denied.

       Fourth paragraph:  The allegations pertaining to a hearing have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  Admitted that on October 14, 2003, Plaintiff threw coffee at correctional staff.  The remaining allegations set forth in this paragraph are denied.

Page XXIX

First paragraph: The allegations pertaining to Plaintiff's transfer to isolation have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Second paragraph: The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

Third paragraph: The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

Fourth paragraph: The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

Pages XXX – XXXIV

The allegations set forth in these pages have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required. To the extent that a response is required, the allegations are denied.

**RELIEF**

1. It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2. It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## **DEFENSES**

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff has failed to exhaust his administrative remedies.

5. State Defendants are immune from liability under the Eleventh Amendment.

6. State Defendants are entitled to qualified immunity.

7. As to any claims under state law, State Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001, *et seq.*

8. As to any claims under state law, State Defendants are entitled to sovereign immunity.

9. Insufficiency of service of process.

10. Insufficiency of process.

11. Lack of jurisdiction over the person and subject matter.

12. This action is barred by the applicable statute of limitations.

WHEREFORE, State Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ Eileen Kelly
    Eileen Kelly, I.D. #2884
    Deputy Attorney General
    Carvel State Office Building
    820 North French Street, 6th Floor
    Wilmington, Delaware 19801
    (302) 577-8400
    eileen.kelly@state.de.us

Date: May 14, 2007    Attorney for State Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 14, 2007, I electronically filed *Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on May 14, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: Kevin L. Dickens.

        /s/ Eileen Kelly
        Deputy Attorney General
        Department of Justice
        820 N. French St., 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        eileen.kelly@state.de.us