IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. DICKENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C. A. No. 04-201-JJF |
| | ) |
| COMMISSIONER STAN TAYLOR, | )   JURY TRIAL REQUESTED |
| et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION**

COME NOW Defendants, by and through the undersigned counsel, and hereby oppose Plaintiff's motion for preliminary injunction. In support of their position, Defendants represent as follows:

1. Kevin Dickens ("plaintiff") is an inmate under the supervision of the Delaware Department of Correction ("DOC") and is presently incarcerated at the Delaware Correctional Center, Smyrna, Delaware.

2. On or about April 4, 2004, plaintiff filed a Complaint pursuant to 42 U.S.C. §1983, with leave to proceed *in forma pauperis* against approximately thirty-eight (38) Department of Correction personnel as well as numerous medical personnel alleging First, Fourth, Sixth, Eighth and Fourteenth Amendment constitutional violations. (D.I. 2). On or about October 21, 2004, Plaintiff's Complaint was dismissed without prejudice closing the case. (D.I. 10) . On or about December 21, 2005, March 7, 2006, and June 28, 2006, the Plaintiff filed Amended Complaints. (D.I. 21). On or about, November 3, 2006, in a Memorandum Opinion, some of Plaintiff's claims as well as numerous Defendants were dismissed from the case. (D.I. 32). On or about December 13, 2006, the Plaintiff

filed a Motion for Reconsideration with an accompanying Memorandum of Law in response to the Court's Memorandum Opinion. (D.I. 34, 35). On or about April 10, 2007, the Court, construing Plaintiff's Motion for Reconsideration as a Rule 59(e) motion denied it, concluding the Plaintiff failed to demonstrate any of the grounds necessary to warrant reconsideration. (D.I. 66).

3.  On or about December 4, 2007, the Plaintiff filed a *Motion for Return and Replacement of Legal Books, Documents, and Material with Contempt Order and Restraining Order/Injunction.* (D.I. 73). In this motion, Plaintiff alleges that he was assaulted several times from July 25 – August 23, 2007 in retaliation for filing this lawsuit. *Id.* Plaintiff further claims he later learned that the Deputy Warden and Property Officers had destroyed all of his legal books, documents and court transcripts of pending civil and criminal proceedings following the alleged assault on July 25, 2007. *Id.* Lastly, Plaintiff alleges his legal documents were destroyed by a prison guard who poured urine and feces on them in retaliation against the Plaintiff. *Id.*

4.  A grant of injunctive relief is an extraordinary remedy. Thus a request for injunctive relief should only be granted in limited circumstances. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989). Furthermore, requests for injunctive relief in the prison context "must be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Forrest v. Nedab*, 1999 WL 552546, *3 (E.D.Pa.June 29, 1999).

5.  The Third Circuit has held that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not

result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998). An injunction should only issue if all four factors favor relief. *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992). For relief, the Plaintiff requests an injunction ordering the Defendants to replace all of his legal documents and materials that were disposed of by the Defendants.

6. To obtain a preliminary injunction the Plaintiff must satisfy all four factors. If Plaintiff cannot prove that he has a likelihood of success on the merits of his claim or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied. *See Instant Air*, 882 F.2d at 800.

7. Plaintiff's allegations of retaliation are without merit. A prisoner alleging violations of his Constitutional rights due to retaliation against him must demonstrate: (1) "the conduct which led to the alleged retaliation was constitutionally protected:" (2) "he suffered some 'adverse action' at the hands of the prison officials:" and (3) a causal link between the exercise of the constitutional right and the adverse action. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)(citations omitted). Plaintiff alleges he was assaulted and had his legal materials disposed of by several DOC personnel in retaliation for initiating this lawsuit. Plaintiff does not provide any factual predicate which would state a cognizable claim for the relief requested

To the contrary, Plaintiff's retaliation claims are based on his own actions of threatening deviant behavior - throwing hot water mixed with urine and feces on DOC personnel and failure to obey orders, not for filing a lawsuit. (See Incident/Disciplinary Reports attached hereto at Exhibit A-1 through A-5).

8.   On July 25, 2007, the date the Plaintiff alleges the assaults commenced, C/O Lingenfelter was on C Tier Plaintiff's housing unit handing out laundry. (Exh. A-1). As he approached the Plaintiff's cell he was greeted with a mixture of hot urine, feces and water thrown through a space at the back of Plaintiff's cell door, hitting Lingenfelter on the left arm, shoulder and back. *Id.* C/O Lingenfelter notified Sgt. Jason Newman and Lt. Forbes who subsequently ordered the Quick Response Team ("QRT") to Plaintiff's cell. (Exh. A 2-3). The Plaintiff was ordered three times to back up to the door so he could be cuffed by Lt. Forbes but he refused. *Id.* When Capt. McCreanor opened Plaintiff's cell flap he too had a scalding hot mixture thrown at him causing first degree burns. (Exh. A-4). The Plaintiff was eventually capstunned, cuffed, shackled and taken to the observation room where he was placed in 24 hour restraints. *Id.*

Plaintiff repeated this same behavior on July 27, 2007, when C/O Jordan Clark was a recipient of hot water mixed with urine and feces as he was collecting chow plates on Plaintiff's unit. (See Exh. A-5)

9.   The next day on July 26th the property room received Plaintiff's personal property following his transfer to isolation. (Affidavit and Incident Report of Frank Kromka attached hereto at Exhibit A-6-8). Property Officer McLaughlin began sorting through the Plaintiff's property when she discovered some items covered in feces and saturated in urine. *Id.* at ¶2. Plaintiff's property was immediately put in plastic bags while Kromka conferred with his supervisor to see how to further handle the contaminated property. *Id.* After receiving his supervisor's directive, Kromka and property room officer Raney removed all property deemed feces/urine saturated, photographed it and then disposed of said items. *Id*. at ¶3. Plaintiff's actions created a health and safety issue

which required that his spoiled property be destroyed. The remainder of Plaintiff's property designated as feces/urine "free" was prepared for shipment to the Plaintiff when he was permitted to receive it. *Id.* Aside from his legal materials and papers, some of Plaintiff's clothing was also disposed of due to being contaminated. *Id.* at ¶4. The Plaintiff received and signed for the return of his property on August 9, 2007. (See Exh. A 9-10)

10. The Plaintiff is not likely to succeed on the merits of his retaliation claim. If the plaintiff can demonstrate a likelihood of success, the burden then shifts to the prison officials to demonstrate that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser,* 241 F. 3d at 334. While the Defendants concede that the Plaintiff may have a constitutionally protected right to file a lawsuit, not one of the officers involved in the incidents of July 25th or July 27th is a Defendant in this lawsuit; therefore, these officers had no reason to retaliate against the Plaintiff having no knowledge of his lawsuit.

11. Nor has Plaintiff suffered any adverse action on the part of prison officials. Prison regulations call for a more restrictive setting for inmates with disciplinary problems, such was the case when Plaintiff was moved to isolation. Prison regulations which limit inmates' access and activity are constitutional if the regulation is reasonably related to a legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 79 (1987). Plaintiff has failed to demonstrate a causal link between the exercise of the constitutional right and the adverse action. As previously stated, any alleged adverse action suffered by the Plaintiff was due to his own deviant conduct, namely contaminating his legal materials and clothing with urine and feces and failing to obey

orders.

12.    Moreover, the Plaintiff cannot prove that he will suffer irreparable injury if his request for relief is denied. Any alleged harm suffered by the Plaintiff was self-inflicted due to his own deviant behavior, not to Defendants' actions. The Plaintiff's legal materials are all replaceable at his expense. Defendants nor the Court should be held responsible as Plaintiff suggests, to replace his personal property that he himself destroyed.

Further, assuming Plaintiff does have evidence to support his allegations, he has not proven that acts of retaliation are likely to occur at the time the injunction is issued. Injunctive relief is used to prevent definite future harms, not to remedy past violations. *SEC v. Bonastia,* 614 F.2d 908, 912 (3d Cir. 1980). The record does not reflect that Plaintiff will suffer any future irreparable harm.

13.    Plaintiff has not met his burden to show how granting the requested relief will not create a greater harm to Defendant, nor has he demonstrated how granting him the requested relief, is in the public interest. As previously stated, prison regulations are related to a legitimate penological interest, and thus favor the public interest. Plaintiff's requested relief; the replacement of all his legal materials that he himself destroyed, favors him alone and not the public interest. Plaintiff has failed to provide anything more than allegations in support of his request for injunctive relief. Without more, this extraordinary remedy cannot be granted.

WHEREFORE, for the hereinabove reasons, Defendants request the present motion be dismissed as Plaintiff has not established that he has met the criteria for injunctive relief.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, DE  19801

Dated: December 18, 2007

## *CERTIFICATE OF SERVICE*

  I hereby certify that on December 18, 2007, I electronically filed *Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction* with the Clerk of Court using CM/ECF.  I hereby certify that on December 18, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:


Kevin L. Dickens, Inmate
SBI#256265
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/ Catherine Damavandi
                Catherine Damavandi, ID#3823
                Deputy Attorney General
                Department of Justice
                Carvel State Bldg., 6th Fl.,
                820 N. French Street
                Wilmington, DE  19801
                catherine.damavandi@state.de.us