## IN THE UITED STATES DITRCIT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. DICKENS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | )Civil Action No. 1:04-CV-00201 JJF | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISIONER STAN TAYLOR, BUREAU | ) | |
| CHIEF PAUL HOWARD, RICHARD EUGENE | ) | JURY OF 12 DEMANDED |
| SEIFERT, ANTHONY REDNA, IBCC, JOHN RYAN, | ) | |
| MIKE LITTLE , JOE HUDSON, MS. HAVEL, | ) | |
| CPL. ONEY, WARDEN BETTY BURRIS, | ) | |
| BURRIS, DEP. WARDEN MCGUIGAN, MAJOR | ) | |
| CUNNIGHAM, CAPT. SAGERS, CAPT. BELANGER, | ) | |
| STAFF LT. B. WILLIAMS, STAFF LT. BURTON, | ) | |
| LT. SAVAGE, IGC LISE MERSON, SGT EVANS, | ) | |
| SGT. MORAN, C/O SGT TYSON, C/O NEAL, QRT1. | ) | |
| LT. STANTON C/O GARDELS, LT. HARVEY, LT. | ) | |
| SECORD LT. WELCOME, C/O RAINEY, QRT2; | ) | |
| JAYME JACKSON, LT. PORTER, CPT. KROMKA; | ) | |
| COUNSELOR KROMKA, KRAMER, ZANDA BRIAN | ) | |
| ENGRAM, RON, DREAKE, MAJOR HOLMAN, | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| DR. ARRONBURL, NURSE BRENDA HOWERDA, | ) | |
| NURSE COURTENEY DOE, NURSE CINDY DOE, | ) | |
| MEDICAL DIRCTOR, DELAWARE CENTER FOR | ) | |
| JUSTICE, SHAKEERAH HAIKAL, CAMILLE PRINGLE) | | |
| LITTLETON MITCHELL, and FRANK SCARPETTI | ) | |

Defendants.

## DEFENDANTS, FIRST CORRECTIONAL MEDICAL, DR. ARRONBURL, NURSE BRENDA HOLWERDA, NURSE COURTNEY DOE, NURSE CINDY DOE AND MEDICAL DIRECTOR'S ANSWER TO THE COMPLAINT

Defendants, respond as follows to the allegations set forth in the plaintiff's Complaint:

A.    The allegations in this paragraph do not pertain to Answering Defendants. However, to the extent they do, wrongful conduct by answering defendants is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

B.      Wrongful conduct by answering defendants is denied and it is denied that any conduct by defendants proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

C.      The allegations in this paragraph do not pertain to Answering Defendants. However, to the extent they do, wrongful conduct by answering defendants is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

D.      The allegations in this paragraph do not pertain to Answering Defendants. However, to the extent they do, wrongful conduct by answering defendants is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

E.      The allegations in this paragraph do not pertain to Answering Defendants. However, to the extent they do, wrongful conduct by answering defendants is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

F.      The allegations in this paragraph do not pertain to Answering Defendants. However, to the extent they do, wrongful conduct by answering defendants is denied and it is denied that any conduct by defendant proximately caused any injuries, illnesses, or damages of any nature to the plaintiff.

V.      Denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim for which relief may be granted.

2.      Answering Defendants were not deliberately indifferent to any serious medical condition.

3.      Plaintiff fails to state a claim against Answering Defendants for medical negligence pursuant to Delaware State Law.

4.      To the extent Plaintiff states a claim for medical negligence; such claim is barred by Plaintiff's failure to timely file, or seek an extension to file, an affidavit of merit pursuant to 18. Del. C. § 6853

5.      Plaintiff's claims are barred by the statute of limitations

6.      Answering defendants were not acting under the color of State law or Federal law.

7.      Plaintiff fails to adequately plead a claim for punitive damages.

8.      Answering defendants provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9.      Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

10.     Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom the Answering Defendant was not responsible and over whom Answering Defendant had no authority or control.

11.     Answering Defendants, at all times material to the allegations of the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and the laws of the United States and/or the State of Delaware.

12.    Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery will show.

13.    Plaintiff's claims may otherwise be barred by 28 U.S.C. § 1915.

14.    Plaintiff's claims may be barred or limited by contributory/comparative negligence.

15.    Plaintiff failed to mitigate his damages.

16.    Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

17.    Answering defendants hereby adopt any and all additional defenses hereinafter asserted by her codefendants

18.    Answering defendants reserve the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS CLAIMS

19.    Answering Defendant denies all cross-claims asserted against them now or hereinafter.

WHEREFORE, the defendants ask that the Complaint against it be dismissed with prejudice and all costs be assessed against the plaintiff.

HECKLER & FRABIZZIO

Daniel L. McKenty
Attorney for Defendants
The Corporate Plaza
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE  19899-0128

## CERTIFICATE OF SERVICE

I, Daniel L. McKenty, hereby certify that, on December 19, 2007, one copy of

defendants, Answer to the Complaint, were served, on the following individuals:

Kevin L. Dickens
SBI# 256265
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977
  *By Mail*

Eileen Kelly
Department of Justice
820 N. French Street
Wilmington, DE, 19801
  *By e-file*

HECKLER & FRABIZZIO

Daniel L. McKenty
Attorney for Defendant
The Corporate Plaza
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE  19899-0128
Attorney for Defendants

DATE:   December 19, 2007