```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

KEVIN L. DICKENS,                :
                                 :
       Plaintiff,                :
                                 :
  v.                             : C.A. No. 04-201 JJF
                                 :
COMMISSIONER STAN TAYLOR,        : JURY TRIAL REQUESTED
et al.,                          :
                                 :
       Defendants.               :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff Kevin L. Dickens's Motion For Return and Replacement of Legal Books, Documents, and Material with Contempt Order and Restraining Order / Injunction (D.I. 73). For the reasons discussed below, the Court will deny Plaintiff's Motion.

### BACKGROUND

On April 4, 2004, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against approximately thirty-eight Department of Correction personnel and numerous medical personnel, alleging violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. (D.I. 2.) On December 4, 2007, Plaintiff filed a Motion For Return and Replacement of Legal Books, Documents, and Material with Contempt Order and Restraining Order / Injunction ("Motion"). In this Motion, Plaintiff alleges that he was assaulted several times between July 25, 2007 and August 23, 2007 in retaliation for filing his

civil rights lawsuit. (D.I. 73, at 2-3.) Plaintiff further alleges that after the July 25 assault, the legal books, materials, and documents he had accumulated over six years were destroyed by a "prison guard who poured urine and feces on them in retaliation against Plaintiff." (Id.)

Defendants have submitted a series of Incident Reports showing that on July 25, 2007 and July 27, 2007, Plaintiff threw a mixture of urine, feces, and scalding water on at least three corrections officers. (D.I. 74, Exh. A1-A10.) On July 25, Plaintiff threw the urine and feces mixture on C/O Lingenfelter, who had been handing out laundry, and then on Captain McCreanor, who was one of the officers responding to the initial assault. (Id., Exh. A2-A4.) Plaintiff was thereafter capstunned, and placed in 24 hour restraints. (Id.) On July 27, Plaintiff threw a urine, feces, and hot water mixture on C/O Clark, who was collecting chow plates. (Id., Exh. A5.)

Following the July 25 incident and Plaintiff's transfer to isolation, Plaintiff's personal property was moved to the property room. (Id., Exh. A6-A8.) Personnel in the property room discovered that much of Plaintiff's property was contaminated with urine and feces. (Id.) Any items stained with urine or feces were photographed and then disposed of. (Id.)

## DISCUSSION

When considering a motion for a temporary restraining order or preliminary injunction, the Court determines: (1) the

2

likelihood of success on the merits; (2) the extent to which the Plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" Id. (citations and internal quotation marks omitted). It is Plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992).

After reviewing the pleadings and record evidence, the Court concludes that the Plaintiff has not met his burden of showing a likelihood of success on the merits of a retaliation claim. In order to prevail on a claim for retaliation in violation of First Amendment rights, a prisoner must prove (1) constitutionally protected conduct, (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). With respect to the third Rauser prong, Plaintiff has presented no evidence showing a causal link between the filing of his § 1983 claim and the alleged adverse action he

3

suffered. Indeed, the record reveals a likelihood that any adverse actions suffered by Plaintiff were caused by his own deviant behavior; namely, throwing a mixture of hot water, urine, and feces on guards and then resisting restraint.

The Court also concludes that Plaintiff has not made an adequate showing with respect to irreparable harm. As discussed above, any harm suffered by Plaintiff was likely caused by his own deviant behavior. Regardless, the adverse actions complained of occurred in the past and are not alleged to be on-going. Injunction relief is only appropriate when used to prevent particularized future harms, not as a remedy for past injuries. See Adarand Constructors, Inc. v. Peña, 515 U.S. 200, 210-11 (1995).

## CONCLUSION

For the reasons discussed, the Court concludes that Plaintiff has failed to establish both a likelihood of success on the merits and continuing irreparable harm. Accordingly, the Court will deny Plaintiff's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Return and Replacement of Legal Books, Documents, and Material with Contempt Order and Restraining Order / Injunction (D.I. 73) is **DENIED**.

January 3, 2008

_____
UNITED STATES DISTRICT JUDGE

4