IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Kevin L. Dickens
   Plaintiff,
v.
Commissioner Stan Taylor, et al.
   Defendants.

C.A. No. 04-201 JJF

JURY TRIAL REQUESTED

FILED
JAN 25 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION FOR RECUSAL AND REMOVAL OF ASSIGNED JUDGE FROM CASE

Plaintiff, Kevin L. Dickens, does hereby make motion for recusal and removal of assigned judge, Judge Joseph Farnan, in the above captioned case. Because it is virtually impossible that assigned or hearing judge will admit bias or the appearance thereof, Plaintiff has taken the extraordinary step of writing directly to Chief District Court Judge Gregory Sleet, detailing the deficiencies of assigned judge in this case. Plaintiff also requests a judicial record of decisions and orders of assigned judge in cases involving lawsuits against law enforcement personnel and prison officials by criminal defendants or arrestees as part of discovery for a claim of racial bias and law enforcement bias against assigned judge in this case. In support thereof, Plaintiff offers the following:

1. Plaintiff's Complaint was filed by the Court on April 4, 2004, after initial screening.

2. On July 21, 2004, Judge Farnan issued order that USM-285 Marshall Forms should be filed and sent to Clerk's Office for pro-

(2)

3. On October 21, 2004, Judge Farnan prematurely dismissed Plaintiff's Complaint after only 90 days for failure to issue USM-285 Marshall Forms. When Plaintiff discovered mistake, he immediately filed Motion for Reconsideration and Amendment of Order and Judgement in November, 2004. Judge Farnan refused to respond to Plaintiff's Motion until August, 2005, showing lack of diligence and concern to Plaintiff's Complaint. Judge Farnan, however, did acknowledge his mathematical error and did reinstate the case.

Because of the long delay in Judge Farnan's new order, Plaintiff had misplaced original complaint and proceeded to file several Amended Complaints until he learned that the Court still had the Original complaint on file. Thus, the premature dismissal by Judge Farnan caused approximately a two-year delay in the proceedings until original complaint was reinstated on June 28, 2006, further jeopardizing the outcome of the case.

4. On November 4, 2006, after a rescreening, Judge Farnan dismissed numerous Defendants and several of Plaintiff's claims <u>before</u> serving Complaint on Defendants in a Memorandum Opinion. This Order and Memorandum Opinion went far and beyond an initial screening and "weighed evidence" and did not adhere to judicial restraint with regard to "construing pro se litigants' complaints liberally" and not requiring "heightened pleading" standards. It also misconstrued Plaintiff's claims and misrepresented Defendant's identities.

On December 13, 2006, Plaintiff filed Motion for Reconsideration with an accompanying Memorandum of Law in response to Court's Memorandum Opinion. Again, Judge Farnan showed lack of diligence and concern for Plaintiff's Complaint by not responding until April 10, 2007, in its denial of Plaintiff's Motion.

(3)

5. On December 4, 2007, Plaintiff filed a Motion for Return and Replacement of Legal Books, Documents, and Material with Contempt Order and Restraining Order/Injunction. In the motion, Plaintiff stated that he was assaulted several times from July 25-August 23, 2007, in retaliation for filing this lawsuit. Plaintiff stated that he learned that Deputy Warden and Property Officers had destroyed all of his legal books, documents, and court transcripts of pending civil and criminal proceedings following the alleged assault on July 25, 2007. Lastly, Plaintiff stated his legal documents were destroyed by a prison guard who poured urine and feces on them in retaliation against Plaintiff. Plaintiff also complained that he was placed in 24 hour restraints in retaliation for assaults.

6. On December 18, 2007, in response to Plaintiff's Motion, State Counsel filed Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. In its Opposition, State Defendants claimed that Plaintiff caused damage to his own property by throwing urine and feces at officers. State Defendants also provided incident reports alleging assaults by Plaintiff and property sheet and affidavits by Property Officers. State Defendants acknowledged that Plaintiff was capstunned and placed in 24 hour restraints.

7. On January 3, 2008, Judge Farnan denied Plaintiff's Motion after concluding that Plaintiff had failed to establish both a likelihood of success on the merits and continuing irreparable harm. In the opinion, Judge Farnan ruled that "any harm suffered by Plaintiff was likely caused by his own deviant behavior."

In this ruling, the Court failed to "take the evidence in the light most favorable to the Plaintiff" as case law requires, in its resolution of the facts. It also failed to address true retaliation claim with respect to Plaintiff's request for contempt order, restrain-

(4)

ing order and injunction. It never addressed issue of contempt or restraining order.

It is clear that Judge Farnan has continued to show bias and his rulings and orders against Plaintiff. Had Judge Farnan either appropriately ordered a reply brief or an evidentiary hearing, he would have discovered the following:

(a) Plaintiff never threw urine and feces at any officer during or after the July 25, 2007, incident when he was capstunned and assaulted and placed in 24 hour restraints by staff. Even though U.S. Supreme Court has ruled against the use of hitching posts and 24 hr. restraints without access to bathroom or eating freely as cruel and unusual punishment, Judge Farnan seemed to believe that these draconian procedures are acceptable constitutional behaviors. What is next? Waterboarding? Electrical shock? Human Naked Pyramids with Dog Collars? Plaintiff was not even allowed to defecate as he was punished and told that restraints would not be taken off.

(b) A review of the property sheet and incident reports would raise the question that if Plaintiff threw urine and feces as State Defendants alleged, why is only the legal property and personal clothes soiled with urine and feces? This would suggest that these items on the property sheet were <u>targeted</u> by prison guard. Furthermore, had the Court been more diligent in ordering a reply brief or scheduled an evidentiary hearing, it would have learned that these items on the property list, namely legal property and personal clothes, were stored in metal cabinet protected from any fracas or assault, and could not have been contaminated because they were not exposed in the open.

(c) Even though the State claims that none of the Defendants Officers were involved in the July 25, 2007, incident, a review of the record

(5)

destroy legal property were Kromka and Rainey, who are listed as Defendants in this case. Certainly, there would be incentive for these officers to destroy Plaintiff's ~~Defendant's~~ legal property.

Furthermore, it is not necessary for Defendants to directly retaliate in order to state a claim of retaliation. One can establish retaliation claim through third-party contact, such as occurred in this incident.

(d) Plaintiff is well aware that Judge Farnan has previously participated in the Delaware Criminal Justice Council, where he directly meets with law enforcement personnel, including Attorney General, Delaware State Police, Chief Judges from Supreme Court, Superior Court, Court of Common Pleas, Family Court, and members of Governor's Cabinet, and other court personnel to discuss criminal issues of the State of Delaware. During these regular meetings, it is clear that Judge Farnan has established a friendly relationship with law enforcement personnel. This has also allowed him to learn extrajudicial issues about Plaintiff, as Plaintiff's face has been featured prominently on State Government's website.

(e) Even though Plaintiff's only claim of racial bias against Judge Farnan is mostly due to numerous other black litigants who had their cases either prematurely dismissed before trial or Judge Farnan ruled against them in biased civil trial, Plaintiff would gladly accept the opportunity to prove racial bias and law enforcement bias by examining § 1983 prisoner lawsuits and the disposition of these cases by Judge Farnan. As one wise jurist once stated in his opinion, "[T]here is no more emphatic number in the world than ZERO."

(f) Finally, Plaintiff would be remiss if he failed to mention the actions of Judge Farnan that were publicly reported in the Sherry Freeberry corruption case. It is one thing to have a personal

is another to engage in the practice of law by giving legal advice while one is a judge. Most jurisdictions, including federal, have laws against judges giving legal advice or practicing law while sitting on the bench.

However, to sanction a multi-million dollar (loan/gift/bribe?) is one thing. But to then ask for a share of the money for a business partnership with Ms. Freeberry is a horse of a different color. What this suggests is that the bench can be bought and bribed. Due to judicial shenanigans and impediment, the full truth will never be known about the Freeberry case. The actions, if true, by Judge Farnan, at the least, are unethical. At most, they are criminal and conspiratory.

FOR THE FOREGOING REASONS, Plaintiff requests that Judge Farnan recuse and remove himself from hearing or deciding any other actions in this case. Plaintiff further requests that case be assigned to a different judge who will revisit Judge Farnan's previous orders and decisions.

*Kevin L. Dickens*
Kevin L. Dickens, Pro Se.
DCC- SHU 19D H/C
Smyrna, DE 19977

January 18, 2008
Dated

cc: Peter Dalleo, Clerk
Catherine Damavandi, Esq.

## CERTIFICATE OF SERVICE

I, Kevin L. Dickens, do hereby certify that on January 18, 2008, I mailed one copy of enclosed Motion for Recusal and Removal of Assigned Judge to the following persons:

Catherine Damavandi, Esq.
Department of Justice
820 N. French Street
Wilmington, DE 19801

Daniel L. McKenty, Esq.
The Corporate Plaza
800 Delaware Avenue
P.O. Box 128
Wilmington, DE 19899-0128

DATE: January 18, 2008

*Kevin L. Dickens*
Kevin L. Dickens, Pro Se
DCC- SHU 19D H/C
Smyrna, DE 19977

Kevin L. Dickens
#256265   UNIT SHU 19D W/C
DELAWARE CORRECTIONAL CENTER
181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Att'n: Peter Dalleo, Clerk
U.S. District Court
844 N. King Street, Lockbox 18
Wilmington, DE 19801

LEGAL MAIL