IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. DICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 04-201-JJF |
| ) | |
| COMMISSIONER STAN TAYLOR, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

**I.   BACKGROUND**

Plaintiff Kevin L. Dickens, who proceeds pro se, is an inmate at the Delaware Correctional Center ("DCC"). His original Complaint was filed in 2004. (D.I. 2.) A service Order was entered on July 21, 2004, but the case was dismissed when Plaintiff failed to timely submit his USM-285 forms. (D.I. 9, 10.) The case was reopened and Plaintiff filed several Motions To Amend The Complaint. (D.I. 13, 20, 21, 27.) Service did not take place until 2007 for a number of reasons, most notably confusion over the filing of multiple Amended Complaints. As a result, the Court ordered Plaintiff to advise the Court which Complaint he chose to proceed with, and on July 27, 2006, Plaintiff advised the Court that he intended to proceed on the original Complaint (i.e., D.I. 2). (D.I. 29, 30.)

The original Complaint was re-screened and a Memorandum Opinion And Order entered on November 3, 2006. (D.I. 31, 32.) Plaintiff was allowed to proceed with the following claims

against these Defendants:

    **Sgt. Teddy Tyson**, Count A conditions of confinement, Count D retaliation;
    **Deputy Warden Betty Burris**, Count A conditions of confinement;
    **Major Holman**, Count A conditions of confinement;
    **C/O Jayme Jackson**, Count A excessive force;
    **Sgt. Evans**, Count A excessive force and conditions of confinement);
    **Lt. Secord**, Count A failure to protect;
    **Capt. Sagers**, Count A failure to protect, Count D excessive force;
    **Lt. Stanton**, Count A excessive force;
    **Nurse Courtney Doe**, Count A indifference to serious medical need, Count B indifference to serious medical need;
    **Nurse Cindy Doe**, Count A indifference to serious medical need, Count B indifference to serious medical need;
    **Lt. Harvey**, Count A failure to protect, Count D excessive force;
    **C/O Rainey**, Count A failure to protect;
    **C/O Gardels**, Count A excessive force;
    **Bureau Chief Paul Howard**, Count B conditions of confinement;
    **Commissioner Stan Taylor**, Count B conditions of confinement, Count C access to courts;
    **First Correctional Medical**, Count B indifference to serious medical need;
    **Nurse Brenda Holwerda**, Count B indifference to serious medical need; privacy claim;
    **Warden Tom Carroll**, Count B indifference to serious medical need, Count D failure to protect ;
    **Dr. Arronburl**, Count B indifference to serious medical need);
    **Medical Director**, Count B indifference to serious medical need);
    **Brian Engram**, Count C access to courts;
    **Cpl. Kromka**, Count C access to courts;
    **Cpl. Oney**, Count C access to courts;
    **Major Cunningham**, Count D failure to protect;
    **Staff Lt. Burton**, Count D failure to protect;
    **Capt. Belanger**, Count D failure to protect;
    **Ron Drake**, Count D failure to protect.

    In addition, Plaintiff was allowed to proceed against Deputy Warden McGuigan, but Warden McGuigan was dismissed from the case

on August 15, 2007, under a suggestion of death. (D.I. 72.) Plaintiff was also allowed to proceed against Sgt. Moran, C/O Harris, and C/O Neal, but they have never been served. The USM-285 forms were returned unexecuted. (D.I. 47, 48, 49.)

The State Defendants and medical Defendants have answered the Complaint and the case is ready for entry of a scheduling/ discovery order. (D.I. 70, 75.)

Recently, on January 3, 2008, the Court entered an Order denying Plaintiff's Motion For Injunctive Relief. (D.I. 76.) Plaintiff alleged he was assaulted several times in retaliation for filing his civil rights lawsuit. He alleged that after a July 25, 2007 assault, his legal books, materials and documents, that he had gathered over a six-year period were destroyed by a guard who, in retaliation, poured urine and feces on them. Documents submitted by State Defendants indicated that it was Plaintiff who threw the urine and feces and, as a result, Plaintiff was transferred to isolation. Because Plaintiff was sent to isolation, his personal property was transferred to the property room. However, according to State Defendants, much of Plaintiff's property was disposed of, because it was contaminated with urine and feces. The Motion For Injunctive Relief was denied on the basis that Plaintiff failed to show a likelihood of success on the merits of a retaliation claim and that Plaintiff failed to establish irreparable harm.

Shortly after entry of the Order denying the Motion For Injunctive Relief, Plaintiff filed the pending Motion For Recusal And Removal Of Assigned Judge From Case contending that the undersigned shows bias against Plaintiff in rulings and orders entered in this case. (D.I. 78.)

## II. DISCUSSION

Plaintiff does not identify the statutory basis for his claim for recusal. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 554 (1994); Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, judicial rulings alone almost never constitute a valid basis for a bias or

-4-

partiality motion." Liteky, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune." Id. at 555-56.

### III. CONCLUSION

In the present case, Plaintiff takes exceptions to delay in the case and court rulings. Considering the foregoing standard, the Court concludes that, after considering Plaintiff's assertions, there are no grounds for recusal.

NOW THEREFORE, IT IS HEREBY ORDERED this 29th day of April, 2008, that The Motion For Recusal And Removal Of Assigned Judge From Case (D.I. 78) is **DENIED**.

                                         _Joseph J. Farnan Jr._
                                         UNITED STATES DISTRICT JUDGE