# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KEVIN L. DICKENS,             )
                                  )
          Plaintiff,        )
                                  )
          v.                 )     C. A. No. 04-201-JJF
                                  )
COMMISSIONER STAN TAYLOR,  )     JURY TRIAL REQUESTED
et al.,                          )
                                  )
          Defendants.     )

## STATE DEFENDANTS' AMENDED ANSWER AND CROSS CLAIM

State Defendants Stan Taylor, Paul Howard, Beatrice Oney, Tom Carroll, Betty Burris, Charles Cunningham, Clyde Sagers, Joseph Belanger, Bruce Burton, Jack Evans, Teddy Tyson, James Stanton, James Gardels, Paul Harvey, Thomas Seacord, Roger Raney, Jayme Jackson, Brian Engram, Ron Drake, David Holman and Frank Kromka ("State Defendants"), by and through the undersigned counsel, and hereby answer the Complaint [D.I. 1]:

Statement of Claim

Admitted that on or about February 15, 2002, Plaintiff was charged with Failure to Obey an Order and Disorderly and Threatening Behavior. The remaining allegations set forth in this paragraph are denied.

Page I

First paragraph: State Defendants are currently without sufficient information to admit or deny the allegations set forth in this paragraph.

Second paragraph: Admitted that on or about February 22, 2002, Plaintiff was charged with Failure to Obey an Order, Disorderly and Threatening Behavior and

Inciting a Riot.  Admitted that Plaintiff pushed Defendant Tyson.  The remaining allegations set forth in this paragraph are denied.

      Third paragraph:  Denied.

      Fourth Paragraph:  Denied.

Page II

      First paragraph:  Denied.

      Second paragraph:  Plaintiff's claim against Defendant Kromka has been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied. The remaining allegations set forth in this paragraph are denied.

Page III

      First paragraph:  The claims set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

      Second paragraph:  The claims set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

      Third paragraph:  Denied.

Page IV

      First paragraph:  Denied.

      Second paragraph:  The allegations concerning Defendant Moran falsifying a disciplinary report and Plaintiff being sent to isolation for 15 days have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is

required.  To the extent that a response is required, the allegations are denied.  Admitted that on November 27, 2002, Plaintiff assaulted Defendant Moran by striking him in the head with a bar of soap.  The remaining allegations set forth in this paragraph are denied.

Third paragraph:  The allegations concerning Defendant Moran falsifying a disciplinary have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Page V

First paragraph:  Denied.

Second paragraph:  Denied.

Third paragraph:  Denied.

Page VI

First paragraph:  Denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

Page VII

First paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw his food tray because no date is specified.  The remaining allegations set forth in this paragraph are denied.

<u>Page VIII</u>

First paragraph:  State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw urine because no date is specified.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  The allegations set forth in the second sentence are denied. State Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

Third paragraph:  Admitted that on July 27, 2003, Plaintiff assaulted Defendant Evans.  Admitted that Plaintiff was removed from his cell.  The remaining allegations set forth in this paragraph are denied.

<u>Page IX</u>

First paragraph:  Denied.

Second paragraph:  Denied.

<u>Page X</u>

First paragraph:  This paragraph is not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations set forth in this paragraph are denied.

Second paragraph:  This paragraph is not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations set forth in this paragraph are denied.

Third paragraph:  Denied.

Page XI

First paragraph:  State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw his tray because no date is specified.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the allegations that Plaintiff threw urine because no date is specified.  The remaining allegations set forth in this paragraph are denied.

Page XII

First paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the allegations set forth in the first two sentences of this paragraph.  The remaining allegations set forth in this paragraph are denied.

Third paragraph:  The allegations concerning the disciplinary report have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied. Admitted that on October 14, 2003, Plaintiff threw coffee at correctional staff.  The remaining allegations set forth in this paragraph are denied.

Page XIII

First paragraph:  Admitted that on October 14, 2003, Plaintiff jammed his cell door so that it would not open.  Admitted that the cell door was removed.  Admitted that

Plaintiff was removed from his cell.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  Admitted that, absent additional security concerns, inmates housed in the Secure Housing Unit ("SHU") at Delaware Correctional Center are allowed time to exercise outside of their cells three times per week.  The remaining allegations set forth in this paragraph are denied.

Page XIV

First paragraph:  Denied.

Second paragraph:  Denied.

Third paragraph:  The first two sentences of this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Page XV

First paragraph:  The allegations pertaining to "Nurse Brenda" are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XVI

First paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  Denied that Plaintiff was brutally assaulted.  The remaining allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XVII

First paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  Denied.

Third paragraph:  The allegations pertaining to "Nurse Brenda" and "Nurse Cindy Doe" are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Page XVIII

First paragraph:  The allegations concerning the Delaware Center for Justice have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore

no response is required.  To the extent that a response is required, the allegations are denied.  State Defendants are without sufficient information to admit or deny the allegation that Plaintiff smuggled a letter to his mother.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XIX

First paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  Denied that Plaintiff was placed in a cell where his only bedding was "egg shell" foam.  Denied that Plaintiff was assaulted by SHU officers. Denied that Plaintiff has sustained any injury as the result of any conduct by State Defendants.  The remaining allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XX

First paragraph:  Denied.

Second paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  The allegations pertaining to SHU Medical Staff and Dr. Brown are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Page XXI

First paragraph:  The allegations set forth in this paragraph are not directed to State Defendants, and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  State Defendants are without sufficient information to admit or deny the last sentence of this paragraph.  The remaining allegations set forth in this paragraph are denied.

Page XXII

First paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XXIII

First paragraph:  The allegations set forth in the last sentence of this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  Denied.

Third paragraph:  The allegations set forth in the last sentence of this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Fourth paragraph:  Admitted that, by itself, a grievance is not "legal" material and an inmate must pay for that copy.  Legal materials are copied at no cost to the inmate.

Page XXIV

First paragraph:  Denied.

Second paragraph:  Denied.

Page XXV

First paragraph:  Denied.

Second paragraph:  Denied.

Page XXVI

First paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Second paragraph:  Denied that Defendant Tyson falsely accused Plaintiff of inciting a riot in retaliation for complaint that Plaintiff previously filed against him.  The remaining allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  Denied.

Page XXVII

First paragraph:  Denied.

Second paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  Denied that Defendant Stanton ordered the QRT team to assault Plaintiff.  Further denied that Plaintiff was assaulted.  The remaining allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Page XXVIII

First paragraph:  Denied.

Second paragraph:  Defendants are without sufficient information to admit or deny the allegation that Plaintiff threw urine because no date is specified.  The remaining allegations set forth in this paragraph are denied.

Third paragraph:  Denied.

Fourth paragraph:  The allegations pertaining to a hearing have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  Admitted that on October 14, 2003, Plaintiff threw coffee at correctional staff.  The remaining allegations set forth in this paragraph are denied.

Page XXIX

First paragraph:  The allegations pertaining to Plaintiff's transfer to isolation have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.  The remaining allegations set forth in this paragraph are denied.

Second paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Third paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Fourth paragraph:  The allegations set forth in this paragraph have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

Pages XXX – XXXIV

The allegations set forth in these pages have been dismissed pursuant to Court Order dated November 3, 2006 [D.I. 31] and therefore no response is required.  To the extent that a response is required, the allegations are denied.

## **RELIEF**

1.      It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

2.      It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## DEFENSES

3.      Plaintiff has failed to state a claim upon which relief can be granted.

4.      Plaintiff has failed to exhaust his administrative remedies.

5.      State Defendants are immune from liability under the Eleventh Amendment.

6.      State Defendants are entitled to qualified immunity.

7.      As to any claims under state law, State Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001, *et seq.*

8.      As to any claims under state law, State Defendants are entitled to sovereign immunity.

9.      Insufficiency of service of process.

10.     Insufficiency of process.

11.     Lack of jurisdiction over the person and subject matter.

12.     This action is barred by the applicable statute of limitations.

## STATE DEFENDANTS' CROSS CLAIMS

## JURISDICTION

1.      The District Court has jurisdiction over the State Defendants' cross claims against First Correctional Medical, Inc., First Correctional Medical-Delaware LLC, and Tammy Kastre, pursuant to 28 U.S.C. §1367, as well as Federal Rules of Civil Procedure 13, 18, and 19.

## COUNT I

## BREACH OF CONTRACT

2.      First Correctional Medical, Inc., an Arizona corporation ("FCM AZ"), is subject to personal jurisdiction in Delaware for the breach of contract by its wholly-owned subsidiary First Correctional Medical-Delaware, L.L.C., a Delaware limited liability company, ("FCM DE").

3.      In 2002, the Delaware Department of Correction ("DOC") submitted a request for proposal (the "RFP") for the purchase of health care services for the State's prison inmate population. On or about May 30, 2002, FCM AZ formed FCM DE for the purpose of entering into a contract with DOC and serving as FCM AZ's Delaware office. FCM DE subsequently submitted a response to the RFP and began negotiations with DOC with the express intent to execute a contract.

4.      FCM DE contracted for and performed services for DOC on behalf of FCM AZ.

5.      Subsequently, DOC and FCM DE entered into the a Mutual Separation Agreement (the "MSA") dated July 13, 2005 by and between FCM DE and DOC. Sections 9 and 10 of the MSA state:

> 9.  Indemnification. The obligations of FCMD [FCM DE] to hold harmless, indemnify and defend the DOC and its agents, employees, or officers arising from the Contract, RFP or other law shall survive termination of the Contract for any claim arising from services performed or any other obligations under the Contract prior to July 1, 2005, regardless of whether such claims are made or communicated before or after July 1, 2005.

> 10.  Insurance. The obligations of FCMD [FCM DE] to provide and maintain insurance coverage covering the period through the June 30, 2005 separation pursuant to Section V. H. of the RFP shall survive termination of the Contract. Such insurance shall include professional liability (medical malpractice) insurance with a minimum of $3,000,000 per occurrence with a $5,000,000 annual

> aggregate on any claims asserted by the DOC, or asserted
> by any other entities or individuals out of or relating to the
> Contract for the period prior to July 1, 2005. FCMD shall
> provide evidence of such general and professional liability
> insurance satisfactory to the DOC."

6.     As a result of the ineffective services provided by FCM AZ/FCM DE, DOC along with FCM DE has been named as a party in numerous cases currently pending in the United State District Court of the District of Delaware.

7.     FCM AZ has funded the defense of lawsuits against FCM DE and its various employees.

8.     FCM AZ has participated in Court-ordered mediation and responses to discovery for lawsuits against FCM DE.

9.     Officials from FCM AZ, including Tammy Kastre, M.D. (CEO of FCM AZ), Michael Johnson (CFO of FCM AZ), Todd Jackson, Esq. (Arizona Corporate Counsel for FCM AZ), and Jonathan Rothschild, Esq. (Arizona Financial Counsel for FCM AZ) negotiated for continued legal representation of FCM DE. This negotiation included legal representation in the instant case.

10.    Officials from FCM AZ have been directly contacted to discuss litigation strategies and other trial matters by counsel representing FCM DE.

11.    By 2007, FCM DE and FCM AZ had breached the provisions of Sections 9 and 10 of the MSA by failing to defend, indemnify and maintain insurance.

12.    State Defendants and the DOC have been injured by these breaches.

13.    FCM AZ and FCM DE are liable to the State and State Defendants for breach of contract.

## COUNT II

## CONTRACTUAL INDEMNIFICATION

14.    The State Defendants incorporate by reference paragraphs 1 – 13 of the cross claim as if more fully set forth herein.

15.    The DOC and FCM DE/FCM AZ were parties to a contract for the provision of medical services to the DOC's inmate population, applicable and effective at all relevant times to this action.

16.    The contract specifically created in FCM DE/FCM AZ a clear and unequivocal duty  to

> hold harmless, indemnify and defend the DOC [Department of Correction], the State of Delaware and their agents, employees or officers . . . from any and all suits, actions, losses, liability, damages (including punitive damages), expenses, reasonable attorney fees (including salaries of attorneys regularly employed by the State of Delaware), judgments or settlements . . . arising out of the provision of health care services by FCM, its employees, or subcontractors under the contract, including direct or indirect negligence or intentional acts of omission or commission, and professional malpractice regardless of any intentional acts o[r] omissions or commission by employees or officials of the DOC.

(6/17/02 Contract, ¶8.  Hereinafter referred to as the "hold harmless provision").

17.    All conditions precedent to recovery under the contract, if any, have been satisfied or waived.

18.    According to the contract and the language of the hold harmless provision, the State Defendants are third-party beneficiaries of the contract.

19.    State Defendants have been required to be represented by the undersigned counsel rather than an attorney provided by FCM DE/FCM AZ.

20.    The DOC has been required to expend public funds necessary to the litigation of this matter.

21.     Injuries, if any, to decedent and Plaintiffs were proximately caused by the actions, omissions and/or professional malpractice of FCM DE/FCM AZ.

22.     The State Defendants deny any liability arising out of any allegation by any party in this litigation.  FCM DE/FCM AZ are liable for defense and indemnification of the State and State Defendants under the hold harmless provision even if the State and/or any State Defendant are found to have engaged in negligent, intentional or other conduct resulting in injury and liability to decedent and/or plaintiffs.

## COUNT III

### COMMON LAW INDEMNIFICATION

23.     The State Defendants incorporate by reference paragraphs 1 – 22 of the cross claim as if more fully set forth herein.

24.     The State Defendants deny any liability arising out of any allegation by any party in this litigation.  To the extent Plaintiffs are successful in recovering any award against any State Defendant, the State Defendants are entitled to be held harmless, defended, and indemnified pursuant to the express language of the hold harmless provision of the contract.

25.     Should the Court rule that any portion of the contract or the hold harmless provision is inapplicable or void, the State Defendants are entitled to common law indemnification in the alternative.  In the event that any State Defendant is found liable to the Plaintiffs, then the State Defendants cross-claim against FCM DE/FCM AZ, whose negligence was the primary and proximate cause of any and all damage sustained by the Plaintiffs, and for which the State Defendants, if liable at all, are only secondarily liable.

The State Defendants are therefore entitled to common law indemnification in the event that their claim for contractual indemnification is rejected by the Court.

26.    With respect to any state law claim for negligence or any recovery thereunder, the State Defendants cross-claim against FCM DE/FCM AZ to have the relative degrees of fault apportioned pursuant to the Uniform Contribution Among Tortfeasors Law, 10 *Del. C.* § 6301, *et seq.*

## COUNT IV

## UNJUST ENRICHMENT

27.    The State Defendants incorporate by reference paragraphs 1 – 26 of the cross claim as if more fully set forth herein.

28.    Tammy Kastre, M.D. ("Kastre") is the CEO of FCM DE and FCM AZ.

29.    Kastre, FCM DE and FCM AZ appreciated the benefits under the circumstances created by the negotiated contracts and agreements with DOC.

30.    Kastre, FCM DE and FCM AZ accepted and retained the benefits of the negotiated contracts and agreements with DOC without undertaking some of the services and actions that they were obligated to perform.

31.    The State Defendants and the DOC conferred these benefits upon Kastre, FCM DE and FCM AZ.

32.    Kastre, FCM DE and FCM AZ have benefited financially from the improper acts and practices described above, and have been unjustly enriched.

33.    It would be unjust to permit Kastre, FCM DE and FCM AZ to retain the payment they received for nonperformance of the negotiated contract and agreements with DOC.

34.    The State Defendants and the DOC have suffered injury as a result.

35.    Kastre, FCM DE and FCM AZ are liable to the State and State Defendants for unjust enrichment.

## COUNT V

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DALING

36.    The State Defendants incorporate by reference paragraphs 1 – 35 of the cross claim as if more fully set forth herein.

37.    Every contract contains a covenant of good faith and fair dealing.

38.    Kastre, FCM DE and FCM AZ have breached their duty to act with good faith and fair dealing in its actions with DOC and State Defendants.

39.    DOC and State Defendants have suffered injury as a direct result of Kastre, FCM DE and FCM AZ's breach of the covenant of good faith and fair dealing.

40.    Kastre, FCM DE and FCM AZ are liable to the State and State Defendants for breach of the covenant of good faith and fair dealing.

**WHEREFORE**, State Defendants demand that judgment be entered in their favor as to all claims, and against the plaintiffs as to all claims, and that costs and attorney fees be awarded to the State Defendants.  The State Defendants further demand that judgment be entered in their favor as to the instant cross-claim and that costs and attorney fees incurred in relation thereto be awarded to the State Defendants.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General

19

Carvel State Building
820 N. French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
catherine.damavandi@state.de.us
Dated:    June 4, 2008                                     Attorney for State Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN L. DICKENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-201-JJF |
| | ) | |
| COMMISSIONER STAN TAYLOR, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2008, I electronically filed *Defendants' Amended Answer and Cross Claim* with the Clerk of Court using CM/ECF.  I further certify that on June 4, 2008, I caused the within document to be mailed to the following non-registered parties by United States Postal Service:

> Kevin L. Dickens, SBI#256265
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE  19977

First Correctional Medical-Delaware, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

First Correctional Medical-Delaware, LLC
c/o First Correctional Medical, Inc.
205 W. Gioconda Way, Suite 115
Tucson, AZ 85704

> First Correctional Medical, Inc. and Tammy Kastre, M.D.
> 205 W. Gioconda Way, Suite 115
> Tucson, AZ 85704

> /s/ Catherine Damavandi
> Catherine Damavandi, ID#3823
> Deputy Attorney General
> Department of Justice
> 820 N. French St., 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> catherine.damavandi@state.de.us