IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN L. DICKENS,

    Plaintiff,

v.

COMMISSIONER STAN TAYLOR, et al.,

    Defendants

C.A. No. 04-00201-LPS

Kimberly E. C. Lawson, Esquire, and Kathleen A. Murphy, Esquire, Reed Smith LLP. Attorneys for Plainitff.

Catherine C. Damavandi, Esquire, Deputy Attorney General, Delaware Department of Justice. Attorney for Defendants.

**MEMORANDUM OPINION**

February 14, 2011
Wilmington, Delaware

**Stark, U.S. District Judge:**

The plaintiff, Kevin L. Dickens ("Dickens"), an inmate within the Delaware Department of Corrections, filed this action pursuant to 42 U.S.C. §1983. This Memorandum Opinion addresses the Motion to Dismiss for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1 (D.I. 171) (hereinafter, "Motion to Dismiss") filed by Defendants Taylor, Howard, Oney, Carroll, Burris, Cunningham, Sagers, Belanger, Burton, Evans, Tyson, Stanton, Gardels, Harvey, Seacord, Rainey, Engrem, Drake, Holman and Kromka (collectively, "Defendants").

## I. Background

On November 24, 2009, this Court issued a Memorandum Opinion relating to two Motions for Summary Judgment brought by Defendants. (D.I. 167; D.I. 168) These motions were granted in part and denied in part. On December 3, 2009, the Court issued an Order granting plaintiff a Motion for Extension of Time to Effect Service of Process Pursuant to Fed R. Civ. P. 4(m). (D.I. 170) ("Order for Extension") There followed seven months of inactivity until, on July 8, 2010, counsel for the Plaintiff sent a form USM 285 for particular defendants to the Clerk of the Court for service by the United States Marshals Service. On July 22, 2010, Defendants filed the pending Motion to Dismiss. (D.I. 171)[1]

## II. Legal Standards

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[f]or failure of the plaintiff to prosecute or comply with [the Federal Rules] or any order of court."

---

[1] Plaintiff's case was initiated pro se and proceeded in that manner until counsel was appointed on August 1, 2008.

1

Dismissal is an extreme sanction that should only be used sparingly, but it is appropriate if a party fails to prosecute an action. *See Harris v. City of Phil.*, 47 F. 3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has articulated six factors for determining whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the six factors, but it is not necessary that all of the factors weigh against a plaintiff to justify ordering dismissal. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Indeed, it is possible that dismissal is appropriate even where some *Poulis* factors are unmet. *See Hicks v. Feeney*, 850 F. 2d 152, 156 (3d Cir. 1988).

## III. Discussion

After considering the *Poulis* factors, the Court finds that Dickens' case does not warrant dismissal. First, Dickens is not personally responsible for the inaction regarding his matter. Although he initially proceeded pro se, Dickens was represented by counsel during the seven months of inactivity on which the Motion to Dismiss is based. Courts are reluctant to penalize a party represented by counsel with dismissal for mistakes made by his or her attorney. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). Here, Plaintiff's counsel accepts blame for failure to comply with the Order for Extension.[2] Second, Defendants have not been

---

[2]Plaintiff's counsel contends that Judge Farnan's Order for Extension (D.I. 170) did not provide Plaintiff with merely a 90-day extension to serve Defendants but, instead, with an

2

prejudiced by Plaintiff's delay. The period of inactivity here did not limit Defendant's ability to prepare effectively and completely for trial. *See id.* at 259. Third, while there is some evidence of dilatoriness on the part of Plaintiff, it is not "extensive or repeated delay or delinquency" meriting dismissal. *See id.* at 261 (explaining that conduct occurring once or twice is insufficient to demonstrate history of delay justifying dismissal). Fourth, there is insufficient evidence of bad faith on the part of Plaintiff to merit dismissal. Neither Plaintiff nor Plaintiff's counsel seems to have willfully neglected to perfect service within the 90-day extension period. Fifth, rather than sanctioning Plaintiff by dismissing the case, the Court believes that if it were necessary to impose sanctions in response to Plaintiff's counsel's admitted delay, alternative sanctions – directed at Plaintiff's counsel rather than at Plaintiff – would suffice. *See id.* at 262; *see also Poulis*, 746 F.2d at 867 (emphasizing "extreme nature of a dismissal with prejudice or default judgment"). Lastly, Plaintiff's claims have survived the summary judgment stage and, hence, have arguable merit. *See Briscoe*, 538 F.3d at 263.

In sum, upon balancing the *Poulis* factors, the Court concludes that they weigh against dismissing this case. Accordingly, the Court will deny Defendants' Motion to Dismiss.

## IV. Conclusion

For the reasons stated above, the Court will deny Defendants' Motion to Dismiss. An appropriate Order follows.

---

extension of indefinite duration. This contention is unpersuasive. The Order for Extension grants Plaintiff's requested extension, which was an extension of 90 days. Nonetheless, this misinterpretation of the Order for Extension is attributable to counsel, not to Plaintiff personally.