## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

KEVIN L. DICKENS,                                  :
                                                   :
            Plaintiff,                             :
                                                   :
      v.                                           :
                                                   :        C.A. No. 04-00201-LPS
COMMISSIONER STAN TAYLOR, et al.,                  :
                                                   :
                                                   :
            Defendants                             :

## MEMORANDUM ORDER

At Wilmington this **3rd** day of **April, 2013**:

IT IS HEREBY ORDERED THAT:

1.      All claims against Defendants Howard, Sagers, Seacord, and Taylor are

**DISMISSED WITHOUT PREJUDICE** and said Defendants are **DISMISSED** from this case

due to lack of personal jurisdiction. *See* Federal Rule of Civil Procedure 12(b)(2). It is

undisputed that these Defendants were never served, as required by Federal Rule of Civil

Procedure 4. Accordingly, the Court lacks jurisdiction over them. *See Ayres v. Jacobs &*

*Crumplar, P.A.*, 99 F.3d 565, 569-70 (3d Cir. 1996). To the extent the Court nonetheless has

discretion to extend the time for service, *see Griffin-El v. Beard*, 2009 WL 1542790, at \*2-3

(E.D. Pa. May 29, 2009), considering the equities, the Court declines to exercise such discretion

to extend the time for service under the circumstances here, which include: Defendants' assertion

of a defense of failure to serve since the time they answered the complaint (*see* D.I. 70 at p. 13,

¶¶ 9-11; D.I. 86 at p.13, ¶¶ 9-11; D.I. 226 Ex. 4 at 4); Plaintiff's failure to timely request an

extension of time to serve (despite Plaintiff's request for such relief with respect to other

Defendants, *see* D.I. 140; *see also* D.I. 170; D.I. 226 at 6; D.I. 230 at 4); the fact that at least some of these four Defendants are retired from the official roles which led to their being named as Defendants; and the fact that trial is now less than two weeks away.

2.      Defendants' blanket criticism that Plaintiff's allegations lack "particularity and specificity" (D.I. 234 at 19) does not provide a basis for any relief at this point. At the January 25, 2013 pretrial conference, the Court indicated that Defendants should "report back . . . as to whether there are specific things that the defendants believe are missing." (Tr. at 19-20; *see also* D.I. 224) Defendants' efforts to do so have failed to persuade the Court.

3.      Plaintiff's case-in-chief will not be limited solely to those allegations about which he testified in his deposition. Defendants fail to cite authority for such a restriction. Specific objections to the scope of Plaintiff's case will be addressed at trial.

4.      To the extent Defendants are seeking summary judgment, or reargument of previous denials of summary judgment, such requests (*see, e.g.*, D.I. 226 at 3-4, 7-16) are DENIED.

5.      Both sides seek to prevent the other side from calling at trial any witness who was not disclosed during discovery. (*See* D.I. 234 at 24, 27) The parties' requests in this regard are DENIED. All potential trial witnesses have been listed in the various versions of the proposed pretrial order. There has been adequate time since that disclosure for the parties to seek relief less extreme than exclusion of relevant testimony (e.g., a deposition). *See generally Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977). There has also been adequate time since such disclosures for the parties to prepare for trial. Additionally, it appears that most (if not all) of the witnesses listed for trial were at least mentioned in materials produced during discovery. Finally, the parties failed in their most recent submissions to state

with any particularity which witnesses they were objecting to and the specific bases for such objections. (*See, e.g.*, D.I. 234 at 24) ("Defendants object to every witness listed above by Plaintiff who was not identified by Plaintiff as a witness during discovery.")

6. Plaintiff's Motion in Limine 1, to preclude admission or use of his convictions, is DENIED. Plaintiff's convictions – which the Court understands to include as many as 19 convictions for felony assault, at least some of which occurred in prison, and all of which apparently occurred between approximately 2001 and 2010 – are highly relevant to Defendants' defenses, including defenses relating to Plaintiff's challenges to his conditions of confinement, which Defendants contend are in response to the risk created by Plaintiff's prior conduct while incarcerated. Plaintiff's criminal record is also relevant to Plaintiff's request for injunctive relief, including his request that the Court order him to be transferred to a different facility. Furthermore, as it appears that most if not the entirety of the evidence in support of many of Plaintiff's claims is his own testimony, Plaintiff's credibility will be crucial, making it reasonable to permit Defendants to attempt to impeach Plaintiff based, in part, on his demonstrated willingness to violate criminal laws. *See, e.g.*, *Marvel v. Snyder*, 2003 WL 22134838, at \*3 (D. Del. Sept. 9, 2003); *United States v. O'Driscoll*, 2003 WL 1401891, at \*3 (M.D. Pa. Jan. 22, 2003); Fed. R. Evid. 609(a). The relevance of these convictions is not substantially outweighed by the danger of unfair prejudice or any of the other concerns of Federal Rule of Evidence 403. This is particularly so because the jury will necessarily know, due to the nature of Plaintiff's claims as well as the security measures required in this trial, that Plaintiff is incarcerated and, therefore, must have a criminal record.

Additionally, Defendants' intended use of Plaintiff's convictions is not prohibited by Federal Rule of Evidence 404(b), as Defendants will not be permitted to argue or suggest to the

jury that Defendants' convictions make it likely he acted in conformity with a propensity for violence. Plaintiff's objection to the evidence of his convictions being cumulative is likewise unavailing.

7.    To the extent Plaintiff also moves in limine to preclude admission or use of convictions of any of his witnesses, this motion is DENIED WITHOUT PREJUDICE to renew at trial on a witness-by-witness and conviction-by-conviction basis. At this time the Court does not know precisely which witnesses will appear at trial, which of them have criminal histories, and which portions of such criminal histories Defendants intend to use at trial. Nor have the parties provided any briefing particular to any witness other than Plaintiff himself.

8.    Plaintiff's Motion in Limine 2, to Preclude Propensity Evidence, is DENIED. Evidence as to whether Plaintiff is and/or is perceived to be a behavioral problem or security risk in prison is highly relevant to Defendants' defenses, including defenses relating to Plaintiff's challenges to his conditions of confinement. The relevance of this evidence is not substantially outweighed by the danger of unfair prejudice or any of the other concerns of Rule 403.

9.    Defendants' Motion in Limine, to preclude Plaintiff from testifying regarding his medical condition or diagnoses, is DENIED. Plaintiff will be permitted to testify as to his lay impressions as to what happened to his body and what injuries and conditions he suffered, including when they began and his belief as to causation. Defendants will be permitted to cross-examine Plaintiff and establish his lack of medical training and expertise. Should either party seek to introduce any of Plaintiff's medical records, such records should be offered as separate exhibits (i.e., they should not be offered into evidence en masse) and the Court will address any objections to such exhibits consistent with the procedures set forth in the Final Pretrial Order (*see* D.I. 234 at 36-37).

10. The Court hereby ADOPTS the proposal it made at the last pretrial conference (*see* Jan. 25, 2013 Tr. at 49-52) as follows: due to security concerns, Plaintiff will appear at trial in his prison uniform, with shackles, and will be accompanied by personnel from the United States Marshals Service ("USMS") and the Court's Security Officers ("CSO"), who may be dressed and armed as they deem appropriate consistent with their ordinary procedures. All reasonable measures recommended by the USMS and/or CSOs to maintain security in the courtroom will be implemented. (*See* Jan. 25, 2013 Tr. at 49-52)

11. The Court hereby ADOPTS the additional proposal it made at the last pretrial conference (*see* Jan. 25, 2013 Tr. at 49-52) as follows: trial will be held from 10 a.m. to 4 p.m., which the Court anticipates will give Plaintiff the opportunity to meet with counsel between approximately 9 a.m. and 10 a.m. and approximately 4 p.m. to 5 p.m. on trial days. Any additional arrangements Plaintiff's counsel wishes to make to meet with their client away from Court must be sought through the proper authorities.

12. Counsel shall make themselves available to meet with the Court and address any issues each day of trial between 8:30 and 9:00 a.m.

13. The Court is not available for trial on Friday, April 26, 2013. If the trial is not completed before that date, it will be continued on Monday, April 29, 2013.

14. Witnesses not listed in the proposed Final Pretrial Order (D.I. 234 at 23-26) will not be permitted to testify, even for rebuttal or impeachment purposes, unless good cause is shown, which will require at a minimum a showing that the relevance of the witness's intended testimony could not have been reasonably foreseen prior to the submission of the Final Pretrial Order on March 18, 2013.

15. Defendants' proposal that each side advise the other side of their schedule and

names of witnesses 48 hours prior to the witnesses' direct testimony (D.I. 234 at 59) is
ADOPTED.

16.     Exhibits not listed in the proposed Final Pretrial Order (D.I. 234 at 28-36) will not
be permitted to be used, except for impeachment purposes, unless good cause is shown, which
will require at a minimum a showing that the relevance of the exhibit could not have been
reasonably foreseen prior to the submission of the Final Pretrial Order on March 18, 2013.  (*See*
Jan. 25, 2013 Tr. at 34-35)

17.     The parties are reminded of their obligations pursuant to the proposed Final
Pretrial Order (D.I. 234 at 36-37) that they must disclose the exhibits they intend to use on direct
examination (i.e., a subset of those listed at D.I. 234 at 28-36) no later than 3:00 p.m. the day
before the witness is anticipated to be called to testify.  *Failure to comply with this requirement
will result in the party being precluded from using such an exhibit with the witness.*

18.     The parties are further reminded of their obligations pursuant to the proposed
Final Pretrial Order (D.I. 234 at 36-37) that they must provide objections to the admission of
exhibits on a witness-by-witness basis no later than 7:30 p.m. the day before the witness is
anticipated to be called to testify.  *Failure to comply with this requirement will result in the
party's objection(s) being deemed waived.*

19.     The parties are further reminded of their obligations pursuant to the proposed
Final Pretrial Order (D.I. 234 at 37) regarding the exchange of demonstrative exhibits.  *Failure
to comply with these requirements will result in a party being precluded from using a
demonstrative exhibit and/or waiver of an objection to such demonstrative exhibit, as
appropriate.*

20.     At the final pretrial conference to be held tomorrow, counsel shall be prepared to

argue: the disputes regarding the proposed final jury instructions relating to Statute of

Limitations (D22) and Liability in Connection with the Actions of Another (P23 and D23); the

dispute regarding the number of peremptory strikes to be accorded to each side pursuant to 28

U.S.C. § 1870; the number of hours, less than 22 per side, now requested by each side in light of

the Court's rulings; and any other matter on which they seek the Court's attention.

UNITED STATES DISTRICT JUDGE