IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. DICKENS, : | |
| Plaintiff, : | |
| v. : | C.A. No. 04-201-LPS |
| COMMISSIONER STAN TAYLOR, et al., : | |
| Defendants : | |

**MEMORANDUM ORDER**

At Wilmington this **10th** day of **April, 2013**:

IT IS HEREBY ORDERED that:

1. Trial in this prisoner civil rights matter will begin on Monday, April 15. During pretrial proceedings, the Court on several occasions has received input from the parties as to their views on how to balance the need to maintain the safety and security of the courtroom and Dickens' right to a fair trial, free from undue prejudice that might result from unnecessary physical restraints. (*See, e.g.*, D.I. 205 at 38; D.I. 217 at 51-52; D.I. 234 at 58-59) Among the issues implicated by this balance are: what physical restraints should be used with Dickens while he is in the presence of the jury and how he should be dressed; whether certain guards and security personnel will be present, recognizable, and armed in the courtroom; and the layout of the courtroom, particularly in light of Dickens' incarcerated status and the large number of defendants and counsel involved in this case.

1

2.  Based on the input received from the parties (*see, e.g.,* Jan. 25, 2013 Tr. at 18, 43, 45, 50-51; D.I. 230 at 11-12 & Exs. 1-3; D.I. 234 at 18, 33-36 (list of defense exhibits), 43, 45, 55, 58-59), it is the Court's understanding that:

   a. Mr. Dickens is presently incarcerated at the James T. Vaughn Correctional Center ("JTVCC") and placed in the Secured Housing Unit ("SHU").

   b. The SHU is the highest level security unit at the JTVCC.

   c. Mr. Dickens' criminal history between approximately December 12, 2001 and February 15, 2010 includes at least 19 assaults or related convictions, including 17 convictions for assault or related offenses that have occurred while Mr. Dickens was detained or incarcerated.

   d. Mr. Dickens has, in prior cases, become confrontational and/or his behavior has been of concern in a courtroom setting.

3.  Plaintiff has not challenged the accuracy of the representations the Court has relied on in reaching the understandings stated above in paragraph 2.

4.  The Court has previously indicated to the parties that it will implement the following measures (D.I. 241; Jan. 25, 2013 Tr. at 49-52):

   a. Plaintiff will appear at trial in his prison uniform, with shackles.

   b. Plaintiff will be accompanied by personnel from the United States Marshals Service ("USMS"), the Court's Security Officers ("CSO"), and the Delaware Department of Correction ("DOC"), all of whom may be dressed and armed as they deem appropriate consistent with their ordinary procedures.

5. At the final pretrial conference on April 4, the Court requested that the parties consider issues such as the appropriate layout of the courtroom, in an effort to accommodate the large number of parties and counsel who will be present as well as the parties' interest in using video monitors to aid their presentation, all while taking appropriate account of the need to maintain the safety and security of the courtroom while providing Mr. Dickens a fair trial. (*See* Apr. 4, 2013 Tr. at 44-49) To date, the parties have not provided the Court with any additional assistance on these matters.

6. Nonetheless, the Court has given these matters additional consideration. Among other things, the Court has reviewed the Third Circuit's guidance in *Sides v. Cherry*, 609 F.3d 576 (3d Cir. 2010). The Court has also conferred with a Deputy United States Marshal. The Court has also worked with personnel from the Clerk's office to rearrange the courtroom in a manner to accommodate the various competing concerns outlined above.

7. Having undertaken these additional steps, the Court now advises the parties of each of the following particulars that will, absent further order of the Court, govern further proceedings:

    a. Plaintiff will appear at trial in his prison uniform, with leg shackles but no handcuffs or other restraints of his upper extremities. Before and after Plaintiff (or any other inmate witness) testifies, the jury will be removed from the courtroom, so they will not observe Plaintiff (or any other inmate witness) walking to and from the witness stand in his leg shackles.

    b. Consistent with standard procedure for incarcerated parties and witnesses, DOC, CSO, and USMS personnel will accompany Plaintiff (and any other

        inmate witness) at all times, including during testimony. Such personnel shall not interfere with communications between Plaintiff and his counsel.

    c.    DOC, CSO, and USMS personnel will be permitted to be dressed and armed as they deem appropriate consistent with their ordinary procedures.

    d.    The tables set out in the courtroom will have skirting around them to prevent jurors from being able to see the parties' and counsel's legs, including Plaintiff's leg shackles.

    e.    Video monitors have been installed throughout the courtroom for counsel to use, if they wish, in their presentations.

8.    The Court will include with the preliminary jury instructions the following cautionary instruction, modeled on one approved by the Third Circuit in *Sides*, 609 F.3d at 585:

> The Constitution does not stop at the prison walls. All prisoners, including Mr. Dickens, are afforded the same protections under the United States Constitution as you and me. Those protections include the right to a fair trial and a decision by a jury that is based on the evidence, and solely on the evidence.
>
> According to procedures typically implemented here in federal court, Mr. Dickens will be secured while in the courtroom and will be accompanied by uniformed officers here in the courtroom. Again, these are procedures typically employed when any inmate comes into the courtroom; these procedures are not just for Mr. Dickens. While these circumstances are hard to ignore, you must keep in mind that these are not special things we are doing just for Mr. Dickens. We are simply following standard procedures.
>
> Also, during the course of the trial, other inmates may testify. These inmates will also be secured and accompanied by uniformed officers. Again, you are not to allow implementation of these standard procedures to distract you from your job, which is to decide the case based solely on the evidence.

The Court will include a similar instruction in the final jury instructions. Additionally, the Court invites the parties to request that the Court give this or any other appropriate cautionary instruction at other points during jury selection and/or trial.

9. Consistent with the analysis required by *Sides*, 609 F.3d at 581, the Court concludes that the foregoing measures reflect an appropriate balance of the prejudice to Dickens, as the prisoner-plaintiff, and the need for the Court to maintain security in the courtroom, ensuring a safe environment for the litigants, their counsel, the jury, the public, and the Court and its staff. In undertaking its assessment, the Court has attempted to impose no greater restraints than necessary and also to minimize the prejudice resulting from the presence of such restraints.

10. All counsel who will appear at trial are ordered to be present for a hearing on **Friday, April 12, 2013 at 2:00 p.m. in courtroom 6B**. At that time the Court will provide the parties an opportunity to express any objection to the procedures set out in this Order and to raise any concerns with the layout of the courtroom. Additionally, should any party desire an evidentiary hearing with respect to any of the issues addressed in this Order, such party shall be prepared to present its evidence at the hearing on Friday. **Notwithstanding the conclusions reflected in this Order, the Court is prepared to reevaluate these issues at the hearing on Friday should any party wish the Court to do so.**

11. The Court requires additional assistance from the parties as to whether the bulk of jury selection should occur in the jury room, outside of the presence of the Plaintiff and Defendants. The parties shall be prepared to provide the Court with their positions, and any pertinent authority, at the hearing on Friday.

_____
UNITED STATES DISTRICT JUDGE