IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. DICKENS, | : |
| Plaintiff, | : |
| v. | : C.A. No. 04-201-LPS |
| COMMISSIONER STAN TAYLOR, et al., | : |
| Defendants | : |

## MEMORANDUM ORDER

At Wilmington this **10th** day of **April, 2013**:

IT IS HEREBY ORDERED that:

1. Defendant Carroll's request to be dismissed due to qualified immunity is GRANTED. Carroll timely pled an affirmative defense of qualified immunity, in both his Answer (D.I. 70 at 13) and Amended Answer (D.I. 86 at 13). *See generally Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (stating that qualified immunity is affirmative defense). It was not, however, persistently pressed, particularly after the case was assigned to the undersigned judge. However, under the circumstances, which include that Plaintiff has long had notice of the assertion of qualified immunity and that neither side has been entirely diligent in every aspect, and given that qualified immunity may be raised at any time, *see Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012), the Court finds that Carroll has not waived the affirmative defense of qualified immunity. Furthermore, the record establishes that Dickens did not have a clearly established right to have Carroll, the warden, personally verify that Dickens' medical treatment was appropriate. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (stating qualified immunity

"protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known") (internal quotation marks omitted). There is no genuine dispute of material fact and Carroll is entitled to judgment as a matter of law. The Clerk of Court is directed to terminate Carroll as a defendant on the Court docket.

2. Defendant Oney's request to be dismissed due to qualified immunity is GRANTED. Oney timely pled an affirmative defense of qualified immunity, in both his Answer (D.I. 70 at 13) and Amended Answer (D.I. 86 at 13). For the same reasons given above with respect to Carroll, Oney did not waive the affirmative defense of qualified immunity. Furthermore, the record establishes that Dickens did not have a clearly established right to have Oney, a mail clerk, provide him either free postage or even the ability to pay for postage to the full extent contemplated by the mail policy of which Dickens complains. There is no genuine dispute of material fact and Oney is entitled to judgment as a matter of law. The Clerk of Court is directed to terminate Oney as a defendant on the Court docket.

3. In light of the Court's rulings in this Order, as well as other recent determinations, and based on the Court's assessment of the number and complexity of claims and issues remaining, each side shall be allocated a maximum of seventeen (17) hours in which to present their case at trial, in accordance with the procedures previously discussed with counsel.

_____
UNITED STATES DISTRICT JUDGE