IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEVIN L. DICKENS,       :
                        :
         Plaintiff,     :
                        :   C. A. No. 04-201-LPS
    v.                  :
                        :
COMMISSIONER STAN TAYLOR, :
*et al.*,               :
                        :
         Defendants.    :

# MEMORANDUM ORDER

## I.  INTRODUCTION

On June 6, 2008, the Court entered a default judgment in favor of Plaintiff, Kevin L. Dickens ("Dickens"), an inmate with the Delaware Department of Correction, against First Correctional Medical ("FCM") in an amount to be determined. (D.I. 89) In April 2013, the Court held a jury trial against the remaining, non-defaulted defendants; the jury returned a verdict in favor of the defendants. (D.I. 269) On May 30, 2013, Dickens filed a notice of appeal (D.I. 293), which was subsequently dismissed for lack of jurisdiction, as the issue of damages owed by FCM remained outstanding (D.I. 297).

On May 15, 2014, the Court ordered Dickens to file "a statement outlining the damages he seeks against Defendant First Correctional Medical Facility and [to] provide support for such damages." Plaintiff filed a Statement of Damages Against FCM ("Statement") on July 3, 2014, along with exhibits. (D.I. 302)

Plaintiff's Statement describes FCM's failure to diagnose him, failure to treat him, and

1

denial of treatment and medications, all of which occurred while Dickens served a prison sentence at the Delaware Correctional Facility. (*Id.* at 2-8) Specifically, Plaintiff sets forth evidence related to FCM's violation of his Eighth Amendment Rights for a painful genital rash and various head and body injuries. (*See id.*) Plaintiff requests that the Court award him actual and punitive damages in the amount of $100,000. (*Id.* at 7)

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may conduct an inquest into the amount of damages to be awarded following entry of a default judgment. A party who defaults by failing to plead or defend does not admit the allegations in the claim as to the amount of damages. *See Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Thus, the Court must ensure that there is basis for damages awarded. *Id.*; *see also Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (holding that court has obligation to ensure that there is legitimate basis for any damages award); *Sierra Foods, Inc. v. Haddon House Food Prods., Inc.*, 1992 WL 245847, at *16 (E.D. Pa. Sept. 22, 1992) (observing that "inquest" into damages is necessary to be certain that the "damages bear a reasonable relationship to the injuries alleged and established by the facts").

## III. DISCUSSION

In this case, no inquest or hearing has been held or is necessary. Dickens did not seek one in his Statement. The Court heard extensive related testimony at the jury trial of FCM's co-defendants.

Nor did Dickens include with his Statement any evidence relating to quantification of his damages. As FCM never appeared to challenge Dickens' allegations, they are deemed admitted,

so for present purposes the Court must take it as established that Dickens suffered for a lengthy period from a painful rash as well as from other physical injuries and the loss of use of dentures and glasses. Yet, the record leaves the Court entirely unassisted in trying to set a dollar figure that would be adequate to compensate Dickens for his injuries. Dickens has not provided the Court with any invoices, bills, insurance statements, or sworn affidavits setting forth the basis for his damage request of $100,000. Instead, Plaintiff attached to his Statement only internal DCC or DOC forms, including grievances and medical records, most or all of which were admitted at trial. (*See* D.I. 302 Exs. A-M) These documents show no reasonable relationship between the injuries Dickens suffered and his requested damages amount of $100,000.

In this situation, the Court has determined that the appropriate exercise of its discretion is to award Dickens one-thousand dollars ($1000.00) as actual damages and no punitive damages.[1] *See generally Carter v. Kastre*, 2009 WL 1530827, at *2 (D. Del. June 1, 2009) (awarding $1,500 compensatory damages).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request for actual damages of $100,000.00 is **DENIED**. Plaintiff is awarded $1,000.00 for actual damages. Plaintiff's request for punitive damages is **DENIED**. A separate judgment order will be entered.

Wilmington, Delaware
January 16, 2015

UNITED STATES DISTRICT JUDGE

---

[1] The Court finds no evidence to support the necessity of a hearing on punitive damages.

3